### BYERS TRANSP. CO. et al. v. UNITED STATES et al.
#### No. 1248.

District Court, W. D. Missouri, W. D.

April 3, 1943.

See, also, 48 F.Supp. 550.

Leo B. Parker and Lowell L. Knipmeyer, both of Kansas City, Mo., for plaintiffs.

Robert L. Pierce, Sp. Asst. to Atty. Gen., Thurman Arnold, Asst. Atty. Gen., and Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., for defendant United States.

Daniel W. Knowlton, Chief Counsel, Interstate Commerce Commission, and E. M. Reidy, Asst. Chief Counsel, Interstate Commerce Commission, both of Washington, D. C., for defendant Interstate Commerce Commission.

Lee Reeder, of Kansas City, Mo., for defendants Powell Brothers Truck Lines, Inc., and John B. Bryan.

Before JOHNSEN, Circuit Judge, and OTIS and COLLET, District Judges.

COLLET, District Judge.

The facts will be found stated in our former opinion dated November 12, 1942, 48 F.Supp. 550, in the original report and order of the Interstate Commerce Commission entered on the 13th day of February, 1942, 38 M.C.C. 104, and in the report of that Commission on reconsideration entered February 8, 1943, —— M.C.C. ——.

By the supplemental report it is clear that the commission bases its order upon the conclusion that proof of bona-fide operation by a single common carrier by motor vehicle on June 1, 1935, over two connecting routes constituted adequate evidentiary basis for the granting of a certificate of convenience and necessity under the "grandfather clause" authorizing that carrier to operate over both routes as one, and that such operation justified authorization of through operation between points on either or both of the separately conducted but geographically continuous route.

■ If the Act may be reasonably construed to authorize such action by the commission, the wisdom of its exercise in a given instance will be left to the advised judgment of that agency, provided such exercise is not patently oppressive or unreasonable and is supported by the requisite facts.

■ The well-recognized purpose of the Motor Carrier Act of 1935 (now Part II, Interstate Commerce Act, 49 U.S.C.A. § 301 et seq.) was to promote public service, dependability and efficiency in the field of interstate motor transportation for hire. Not primarily in order that existing carriers should have a monopoly in their respective operations was the Act adopted, but that by the regulation of the quality of service given the public and the future limitation of the number of operators, undue competition should not weaken all to the detriment or destruction of the quality and extent of service to which the public was entitled.

■ Initially, the "grandfather clause" gave to bona-fide operators on June 1, 1935, the right to continue those

operations. Certainly, as the commission points out in its report and order, the purpose of the Act was not to "freeze" the service in its exact status on June 1, 1935, with no possibility for improvement or modification of the service given over the routes or in the territory served on that date to meet the changing requirements of public interest and demand. To illustrate: May it be said with reason or logic that Congress intended the commission should be without power to say to a carrier who had operated from St. Louis, Illinois, over U. S. Highway No. 40 to the intersection of that highway with Missouri Highway No. 5 and from that point to Kansas City, Kansas, over the same U. S. Highway 40 prior to June 1, 1935 as two separate operations, that it, the carrier, should accept freight at St. Louis, Illinois, consigned to Kansas City, Kansas? To deprive the commission of that authority would shear that agency of the power to improve the existing service over the route in question by ordering through service instead of rebilling, extra handling at the point of interchange, and additional expense incident to disconnected operations—a power long exercised in the regulation of carriers by rail. Such an intent was not in our judgment the intent of Congress.

■ If the commission may order it may permit. A reasonable interpretation of the language of the Act justifies the conclusion that the commission may compel, or on the carrier's application permit through operation over connected routes and may treat separately conducted operations over a geographically connected route as one continuous operation. It necessarily follows that proof of such separately conducted operations may, absent other and inhibiting factors, warrant the issuance of a certificate of convenience and necessity over the entire route under the "grandfather clause".

■ The commission has construed its order of June 5, 1939 as granting such authority to Bryan. It is clear that Bryan operated over the entire route during the period required by the "grandfather clause", hence the commission acted within its authority in issuing the certificate.

The commission having properly granted Bryan authority under the "grandfather clause" to operate between St. Louis, Illinois, and Kansas City, Kansas, and Bryan having sold his business to Powell both he and Powell requested the transfer of Bryan's certificate to Powell. The commission's approval of that request is the subject of the present proceeding.

There is actually no contention that if Bryan had authority to give through service between St. Louis, Illinois, and Kansas City, Kansas, proper grounds for the transfer thereof did not exist. The real contention is that the separately conducted operations did not justify the grant of authority to Bryan to give through service, and that even if it did, Bryan has long since abandoned and thereby lost that right by conducting the separate operations only, with the result that he now has no through authority and the commission could not transfer such authority from him to Powell. The propriety of the issuance of the certificate to Bryan authorizing through service having been determined, there remains only the question of abandonment.

■ The commission answered that contention by holding that the cancellation of certificated rights may be brought about only in accordance with the provisions of Section 312(a), 49 U.S.C.A., after notice and hearing. It held further that the continuous bona-fide operation by Bryan over the entire length of U. S. Highway 40 between St. Louis, Illinois, and Kansas City, Kansas, was a sufficient exercise of the right to give through service to prevent the loss of that authority by nonuser although the right was executed by two separate operations.

The construction placed upon Section 312(a) by the commission is clearly justified by the language of the Act.

And, since separately conducted operations may furnish adequate justification for the issuance of a certificate authorizing through service, such operation furnishes ample justification for the commission's finding that the right to give through service has not been abandoned.

The complaint will therefore be dismissed.