**ADIRONDACK TRANSIT LINES, Inc., v. UNITED STATES et al.**

Civil Action No. 26—508.

District Court, S. D. New York.

Oct. 16, 1944.

Martin J. Kelly, Jr., of New York City (Clarence E. Horn, Jr., of New York City, of counsel), for plaintiff.

James B. M. McNally, U. S. Atty., of New York City (Wendell Berge, Asst. Atty. Gen., Edward Dumbauld, Sp. Asst. to Atty. Gen. and Daniel W. Knowlton, Chief Counsel, and Nelson Thomas, Atty., Interstate Commerce Commission, both of Washington, D. C., of counsel), for defendants.

504

Henry P. Goldstein, of New York City, for Manhattan Coach Line, Inc., Manhattan Transit Co., Westwood Transp. Co., Inc., Westwood Transp. Line, Inc., Inter-City Transportation Co., Inc., Jersey City & Lyndhurst Bus Co., Inc., and Mountain Transit Corporation, interveners.

Leland Taliaferro, of Newark, N. J., for Public Service Interstate Transp. Co., intervener.

John F. Finerty and John E. Buck, both of New York City, for Hudson & Manhattan R. Co., intervener.

Before FRANK, Circuit Judge, and LEIBELL and CONGER, District Judges.

PER CURIAM.

1. Since the parties agree on the correctness of the facts stated in the Commission's opinion, as supplemented by the opinion of Division 5, we need not repeat them here.

2. Were we entirely free to consider the order of June 4, 1937, and the certificate issued in accordance therewith, without any regard to the Commission's subsequent interpretation in its opinion of June 6, 1944, we would independently, for the following reasons, arrive at the same conclusion as did the Commission: (a) It is highly doubtful whether the Commission, in granting, as it did, a certificate pursuant solely to 49 U.S.C.A. § 306, could validly authorize the use of a tunnel in existence neither in or before 1935 nor at the time of the issuance of the certificate. Accordingly, as the certificate did not unambiguously authorize such use, it should be interpreted not to permit it. (b) The certificate does not authorize transportation under but merely "across" the river. (c) The words in § 306, "within the territory," refer, we think, to carriers which, in the required period, had, in whole or part, no regular routes; and plaintiff did not come within that category. (d) The failure of the Commission to act on the application of December 23, 1937, was not the legal equivalent of an order granting the application; it is irrelevant that Division 5 failed to act on that application because it believed the order of June 4, 1937, already permitted the use of the tunnel.

3. But we must decide against plaintiff in any event. At best, the Commission's order is ambiguous. So regarding it, its interpretation is for the Commission; and the courts cannot disregard such an interpretation in those circumstances unless it is clearly erroneous or arbitrary, and the interpretation here is not.