**CENTURY – MATTHEWS MOTOR FREIGHT, Inc., et al. v. THRUN.**

**Civ. No. 826.**

District Court, D. Minnesota, Fifth Division.

Feb. 4, 1948.

---

[1] Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Perry R. Moore, of Minneapolis, Minn. (Stinchfield, Mackall, Crounse & Moore, of Minneapolis, Minn., of counsel), for plaintiffs.

Charles E. Nieman, of Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

Plaintiffs, pursuant to 49 U.S.C.A. §§ 305(g) and 306 et seq., seek a permanent injunction restraining defendant from rendering motor carrier service of any kind, with one exception, between Minneapolis and St. Paul (hereinafter referred to as the Twin Cities), on the one hand, and Duluth and Superior (hereinafter referred to as the Twin Ports), on the other hand.

The facts have been stipulated and disclose that plaintiffs are corporations, doing business as common carriers of property by motor vehicle. As such carriers, each plaintiff is authorized by a Certificate of Public Convenience and Necessity (hereinafter referred to as a certificate), issued by the Interstate Commerce Commission (hereinafter referred to as the Commission), to engage in interstate transportation of commodities generally, over specified regular routes between the Twin Cities and the Twin Ports. Life certificates were issued by the Commission to McKeown Truck Company, Glendenning Motorways, Inc., and Moland Bros. Trucking Company. The territory between the points above described is also served by the Northern Pacific Railway Company, the Great Northern Railway Company, the Chicago, Milwaukee, St. Paul and Pacific Railroad Company, the Chicago, St. Paul, Minneapolis and Omaha Railway Company, and the Minneapolis, St. Paul and Sault Ste. Marie Railroad Company. The Great Northern Railway Company is the only railroad authorized to serve Askov or Kerrick, Minnesota, or any other point along Minnesota Highway 23 east of the junction of said Highway and U. S. Highway 61, near Sandstone, Minnesota.

On May 12, 1941, the Commission issued a certificate to defendant authorizing him to transport limited commodities in interstate commerce as a common carrier by motor vehicle between specified points between Minneapolis and Duluth, Minnesota, and limited to Minnesota Highways 66 and 61, and certain off-route points.

On or about February 12, 1945, one Louis W. Evans, doing business as "Evans Truck Service", applied to the Commission for a certificate, and on September 20, 1945, such certificate was issued to Evans, authorizing him to transport certain commodities in interstate commerce between Askov and Duluth, Minnesota, over Minnesota Highway 23 .

On or about August 13, 1945, defendant applied for a certificate to operate a common carrier between St. Paul and Kerrick, Minnesota, which certificate was issued on December 17, 1946, to the extent of permitting defendant to "operate empty equipment between Duluth and Kerrick", and to haul general commodities, with a few exceptions, between Kerrick and St. Paul, Minnesota, over said Highways 23 and 61, and return over the same route.

On April 12, 1946, said Evans and defendant applied to the Commission for approval of the sale and transfer of Evans' transportation rights and business to defendant, and on May 16, 1946, said application was granted and requirements of the Commission complied with within 60 days.

It is not disputed that defendant is now engaged in the transportation in interstate commerce as a common carrier by motor vehicle of general commodities between Duluth and St. Paul, Minnesota, via described routes and to and from the off-route points of Minneapolis, Minnesota, and Superior, Wisconsin, and which for convenience will be referred to as "terminal to terminal service."

Defendant now claims a through route (his own added to Evans') between the Twin Cities and the Twin Ports by virtue of Commission certificate No. MC 81824, dated April 7, 1947, which (quoting from said last certificate) "covers the authority granted in the certificate issued in this [No. MC 81824] proceeding and MC 81824 Sub 4 on May 12, 1941, and December 17, 1946, respectively, and also embraces the

operating rights granted in the certificate issued to Louis W. Evans, doing business as Evans Truck Service, on September 20, 1945, such rights having been transferred to the above named [Harry A. Thrun, doing business as Thrun Truck Line] carrier, pursuant to MC-FC 23319, approved May 16, 1946, and assigned MC 81824 Sub 5".

Plaintiffs contend that defendant is thus engaged in the business of a common carrier by motor vehicle, transporting commodities generally in interstate commerce without authority of law, and in violation of Section 206(a), Part II of the Interstate Commerce Act, 49 U.S.C.A. § 306(a). Defendant contends the Commission's Certificate MC–81824 intended to confer authority on defendant to operate as he is now operating, between St. Paul and Duluth, Minnesota, via Kerrick and Askov, as above outlined.

Is defendant's terminal to terminal service authorized by law?

For present purposes, the controlling statutes may be quoted in part:

" * * * no common carrier by motor vehicle * * * shall engage in any interstate or foreign operation * * * unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations." 49 U.S.C.A. § 306(a).

" * * * a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found * * * that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied." 49 U.S.C.A. § 307(a).

"Any certificate * * * shall specify the service to be rendered and the routes over which, the fixed termini, if any, between which, and the intermediate and off-route points, if any, at which, * * * the motor carrier is authorized to operate; * * *." 49 U.S.C.A. § 308.

The Commission's certificate of April 7, 1947, includes all of the existing authorities for defendant's terminal to terminal service, with exception of the omitted reference to the movement of empty equipment on the route north from Kerrick to Duluth. Plaintiff contends the omission was erroneous and that there is no warrant in law permitting defendant to tack his authorized service to that of Evans.

The Commission undoubtedly knew defendant had in mind performing the terminal to terminal service here sought to be enjoined. At no time has the Commission initiated a proceeding to enjoin such service on the part of defendant as it did in Interstate Commerce Commission v. Moland Bros. Trucking Co., D. C. Minn., D. C., 62 F.Supp. 921. This leads me to believe that the Commission considered the disputed matter and concluded a further hearing unnecessary, as the previous hearings and the certificates based thereon and issued to defendant and Evans accomplished the requirements of the applicable statutes. If the Commission had any other thought on the matter, it could have been easily and clearly expressed. The omission referred to and the subsequent inaction with reference thereto by the Commission indicates an intention to authorize terminal to terminal service. Byers Transp. Co. et al. v. United States et al., D.C., W.D.Mo., 49 F. Supp. 828, 829.

The fact that the defendant vendee and the vendor Evans did not interchange freight at their common termini previous to their unification, is in my opinion immaterial here. Lee Way Motor Frt., Inc., 25 M.C.C. 520; Powell Bros. Truck Lines, Inc., 38 M.C.C. 104.

That defendant sought a through route between the Twin Cities and Twin Ports is obvious. The steps he took leading to the certificate of April 7, 1947, convinces me that the Commission had public convenience and necessity in mind when it granted defendant the authority to render such terminal to terminal service. The language of the certificate makes this clear. Defendant's approved extension of his route, combined with Evans' route and rights which defendant purchased with the Commission's approval, authorized through service of what was previously accomplished individually by the vendor and vendee as connect-

ing carriers. If this was not the intent of the Commission, appropriate restrictions could have been added.

Defendant may submit Findings of Fact, Conclusions of Law, Order for Judgment and Judgment.

Plaintiffs may have an exception.