## CENTURY–MATTHEWS MOTOR FREIGHT, Inc., et al. v. THRUN.

### No. 13818.

United States Court of Appeals
Eighth Circuit.

March 22, 1949.

Perry R. Moore, of Minneapolis, Minn. (Stinchfield, Mackall, Crounse & Moore, of Minneapolis, on the brief), for appellants.

Charles E. Nieman, of Minneapolis, Minn. (Melrin & Nieman, of Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and RIDDICK and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This appeal is from a judgment dismissing a bill to enjoin alleged unauthorized operation of a certificated motor carrier of freight. The facts were stipulated in the trial court. The parties will be referred to as they were designated below.

Plaintiffs hold interstate certificates of convenience and necessity to operate as regular route common carriers of freight by motor vehicles from St. Paul and Minneapolis, Minnesota, (referred to as the Twin Cities), over Minnesota State Highway 8, U. S. Highway 61, and Minnesota State Highway 23 to Duluth, Minnesota, and Superior, Wisconsin, (referred to as the Twin Ports). They serve no intermediate points on their route. They are competitors of the defendant, Harvey A. Thrun, who is also operating as a regular route common carrier of freight by motor vehicle between the Twin Cities and Twin Ports as terminal points and over the same route. Plaintiffs contend that defendant's authority, contained in certificates issued by the Interstate Commerce Commission, does not entitle him to conduct the operation he is admittedly carrying on between these termini.

The authority which defendant possesses originated in the following manner. March 28, 1946, defendant submitted an application to the Interstate Commerce Commission for a certificate of convenience and

necessity to operate as a regular route common carrier of freight from the Twin Cities north over Minnesota State Highway 8, U. S. Highway 61, and Minnesota State Highway 23 to Kerrick, Minnesota, with unrestricted authority to serve Askov and Kerrick and the Twin Cities. On September 20, 1945, a certificate of convenience and necessity had been issued to Louis W. Evans, upon proof of convenience and necessity, to operate as a regular route common carrier of freight from Askov, south of Kerrick on Highway 23, to the Twin Ports with unrestricted authority to serve Askov and Kerrick, Minnesota, and the Twin Ports. (Other authorizations in this and other certificates which are immaterial to the present issues will be omitted.) April 12, 1946, defendant contracted, subject to the approval of the Interstate Commerce Commission, to buy Evans' operating rights. Evans and defendant joined in an application to the Interstate Commerce Commission for such approval, which was granted on May 16, 1946. Defendant began operation thereunder immediately and continues such operation. December 17, 1946, the Interstate Commerce Commission, upon proof of convenience and necessity, issued defendant's certificate authorizing him to operate between the Twin Cities and Askov and Kerrick. Thereupon defendant became possessed of the certificated right to operate over the entire route from the Twin Cities to the Twin Ports traversed by plaintiffs' operations. But defendant's authority was in two parts, one consisting of the certificate issued on his application on December 17, 1946, authorizing operation from the Twin Cities north to Kerrick, the other consisting of the transfer to him of the Evans certificate authorizing operation from the Twin Ports south to Askov. Since Askov is south of Kerrick, the two authorizations overlapped between Askov and Kerrick. And, as heretofore noted, both the certificate issued to defendant on December 17, 1946, and the Evans certificate authorized service to Askov and Kerrick. On December 23, 1946, defendant commenced operations between the Twin Cities and the Twin Ports, serving also the intermediate points of Askov and Kerrick. This action was instituted on March 17, 1947, to enjoin defendant from transporting commodities (except certain commodities authorized by other certificates not now material) between the Twin Cities on the one hand and the Twin Ports on the other. After this action was filed, the Interstate Commerce Commission, on April 17, 1947, issued a new certificate of convenience and necessity to defendant in which the separate grants of unrestricted authority given in the December 17, 1946, certificate, the authority granted in the Evans certificate and its transfer to defendant, and certain other authority theretofore granted to defendant and not now material, were all combined.

Plaintiffs contended below and now contend that (a) since the two separate certificates only authorized two separate operations, by combining them the Interstate Commerce Commission did not intend to grant authority to give service from the Twin Cities to the Twin Ports as one operation, and (b) that the service defendant is giving between the Twin Cities and the Twin Ports is a new operation which the Interstate Commerce Commission had no power to authorize without proof and a finding of convenience and necessity for such new operation.

Both questions are answered by the history of the transfer of two separate unrestricted grants of authority from Bryan to Powell, which is found in Powell Bros. Truck Lines, Inc., 38 M.C.C. 104; Byers Transportation Co. v. United States (Interstate Commerce Commission), D. C., 48 F.Supp. 550; Powell Bros. Truck Lines, Inc., 39 M.C.C. 11; Byers Transportation Co. v. United States, D. C., 49 F.Supp. 828. Bryan held two unrestricted certificates, one authorizing service between a central Missouri point east to East St. Louis, Illinois, the other authorizing service from the same central Missouri point west to Kansas City, Kansas, both over regular routes. Powell possessed certificated authority to operate over a regular route from Chicago to Kansas City, via St. Louis and Springfield, Missouri. Powell desired authority to give direct service between Kansas City and Chicago via St. Louis by the much more direct route over U. S. Highway 40 from Kansas City to St. Louis. He applied for a certificate of convenience and neces-

sity for such authority over U. S. Highway 40 and was denied. He then purchased Bryan's authority and made application to the Interstate Commerce Commission for its transfer to him. Byers, possessing certificated authority to operate between Kansas City and St. Louis over U. S. Highway 40 and knowing the purpose for which Powell was acquiring Bryan's authority, intervened in the proceeding before the Commission and unsuccessfully contended that the "through" operation between Kansas City and St. Louis was a new, different, and broader service from Bryan's operation under his separate grants and such new service could not be authorized without proof and the finding of convenience and necessity therefor. The Commission rejected Byers' contention and transferred Bryan's authority to Powell in one certificate which retained the separate identity of the separate authorities theretofore possessed by Bryan, but without any express authorization to Powell in the certificate to give "through" service from Kansas City to St. Louis. Byers then sought to enjoin Powell's "through" operation between Kansas City and St. Louis. The statutory three judge court remanded the cause to the Commission because it was not clear to the court "whether the Commission intended to hold that it had the power * * * to order and was ordering through service over connecting segments of existing routes, in the public interest, without regard to the presence or absence of a pre-existing express authority (i.e., express finding of 'grandfather rights' or public convenience and necessity) to render through service." 48 F.Supp. loc. cit. 553, supra. The Full Commission thereupon in response to the Court's query said:

"A certificate authorizing operations over two or more routes that have one or more points in common which the carrier is authorized to serve confers the right to operate over all combinations of such routes and between all the designated points thereon, unless the service is specifically restricted in such certificate" Powell Bros. Truck Lines, Inc., 39 M.C.C. supra l.c. 14.

Upon reconsideration of the cause thereafter, the Court said:

"A reasonable interpretation of the language of the Act justifies the conclusion that the commission may compel, or on the carrier's application permit, through operation over connected routes and may treat separately conducted operations over a geographically connected route as one continuous operation." Byers Transportation Co. v. United States, supra, 49 F.Supp. loc. cit. 830.

In view of the Commission's expressions in the Powell case, there can be no doubt that when it combines separate authorities having a point of service common to both in one certificate, retaining the separate identity of the authorities, that the Commission intended to authorize through service over a combination of the separate authorities, provided the physical operation is conducted through the common point of service. The Commission has recently reiterated such intention in Aetna Freight Lines, Inc., Interpretation of Certificate, 48 M.C.C. 610, decided August 11, 1948, wherein it said:

"In such instances where a motor common carrier holds two separate and unrestricted grants of authority which have a point common to both to which the carrier is authorized to transport a given shipment under one authority and from which it is authorized to transport the same shipment under another separate authority, the carrier may furnish through service on the shipment over a combination of the two separate authorities provided the physical operation is conducted through the common point."

We come to the question of the power of the Commission to do that which it intended to do, i.e., to combine separate grants of authority into one operating authority.

By the Act of September 18, 1940, c. 722, Title I, Sec. 1, 54 Stat. 899, 49 U.S.C.A. note preceding section 301, it was declared to be the national transportation policy of The Congress that a national transportation system by water, highway and rail, as well as other means, be developed and coordinated and that all of the provisions of the Interstate Commerce Act should be administered and enforced with a view to carrying out that policy. Part II of the

Act, known as the Motor Carrier Act, provides:

"Common carriers of property by motor vehicle may establish reasonable through routes and joint rates, charges, and classifications with other such carriers or with common carriers by railroad and/or express and/or water * * *." Title 49 U.S.C.A. § 316(c).

It is made the duty of the Commission "to regulate common carriers by motor vehicle * * * and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service * * *." 49 U.S.C.A. § 304(a) (1).

By Sec. 316(c), if Evans had retained his certificate until the certificate was issued to defendant on December 17, 1946, Evans and defendant could have established through service and joint rates between the Twin Cities and the Twin Ports. If they had not done so, the Commission in the interest of co-ordinating the national transportation system could have required that that be done. Instances are cited when State regulatory authorities have required proof of convenience and necessity under these circumstances.[1] Those decisions were, no doubt, influenced by the local statutory law. We find no justification for holding that the Federal Motor Carrier Act makes such a requirement. On the contrary, it appears to be reasonably clear that the Federal Act contemplated the doing of just what the Commission did, i.e., to authorize through service over a combination of separate routes.

To say, as plaintiffs contend, that merely because defendant possessed both certificates at the time through service was established deprived the carrier and the Commission of the power to do so, requires an unjustifiably narrow construction of the Act. As the Commission said in Keeshin Motor Express Co., Inc., 1 M.C.C. 373 l.c. 380:

"The right of motor carriers to establish through routes over which through service is conducted is recognized by Section 216 of the Motor Carrier Act, 1935. It would be inconsistent to hold that such through

service may not be rendered, without special proof of public convenience and necessity, after any such carriers are merged or otherwise unified."

The trial court properly dismissed plaintiffs' complaint on the merits. The judgment is therefore affirmed.

[1] Eastridge v. Southeastern Greyhound Lines et al., 280 Ky. 392, 133 S.W.2d 95; Central Truck Lines v. Railroad Comm., 158 Fla. 68, 27 So.2d 658; Enid Transfer & Storage Co., Inc., v. State et al., Okl.Sup., 190 P.2d 150.