## UNITED TRUCK LINES, Inc. v. INTER-STATE COMMERCE COMMISSION.

### No. 12719.

United States Court of Appeals,
Ninth Circuit.

May 31, 1951.

Reilly & Cael and Edward J. Reilly, all of Spokane, Wash., for appellant.

Harvey Erickson, U. S. Atty., Spokane, Wash., Leo H. Pou, Atty., Interstate Commerce Commission, Washington, D. C., Wellington McNichols, Atty., Interstate Commerce Commission, San Francisco, Cal., for appellee.

Before HEALY and POPE, Circuit Judges and FEE, District Judge.

HEALY, Circuit Judge.

The Interstate Commerce Commission had judgment below enjoining appellant, United Truck Lines, from transporting freight by motor vehicle over highway U. S. 30 between Boise, Idaho, and Pasco, Benton County, Washington. The Commission's suit for injunctive relief was grounded on the claim that no certificate of pubic convenience and necessity had been issued the carrier for such operation, and with this view the court agreed.

United operates extensively in the northwestern states under a series of certificates granted by the Commission. In 1944 it was authorized to transport property between Seattle and Spokane, Washington, by way of Ellensburg and Davenport, and between Portland, Oregon, and Spokane by way of Vancouver and Maryhill, Washington, through Toppenish and Pasco in that state. In 1948 a certificate was issued it to transport freight between Portland and Pasco over U. S. 30, this route being to the south and east of the Columbia River between those points. In the latter year, also, it was given authority to transport between Boise, Idaho, and Spokane over what is commonly known as the North-South Highway (U. S. 95) running northerly from Boise through Grangeville and Lewiston to Moscow, Idaho, from which latter point the route to Spokane turns westerly over the interstate line and runs thence northerly over highway U. S. 195 to Spokane.[1]

In April of 1949 the Commission granted United the certificate on which the latter places its reliance here. This authorized the carrier to extend service "to and from

1. United has other certificates authorizing operations on routes through northern Idaho and western Montana, none of which is involved here.

points in Grant, Lincoln, Franklin, Adams and Benton Counties, Wash., as intermediate and off-route points in connection with said carrier's *otherwise authorized regular-route operations.*" [Emphasis supplied.] It is on the basis of the italicized phraseology that United asserts its claim of right to serve Pasco over U. S. 30 from Boise. For some time prior to the institution of the Commission's suit trucks of the carrier had been routed to Pasco by diverting them at Fruitland, Idaho, onto U. S. 30 from U. S. 95, United's authorized Boise-Spokane route.

The geography of the situation, without more, renders the carrier's construction of the certificate unconvincing. A glance at the map shows that the named counties constitute a block of territory in south-central Washington, far removed at all points from U. S. 95; whereas United's authorized route between Seattle and Spokane passes through two of these counties (Grant and Lincoln) and its route from Portland to Spokane by way of Vancouver passes through the other three, namely, Benton, Franklin, and Adams. Its other route from Portland, over U. S. 30, south and east of the Columbia, terminates at Pasco. As regards United's authorized regular-route operations Pasco is not an off-route point. It is an on-route point. The Commission stresses these considerations and interprets its certificate as having reference only to the serving of off-route points in the five counties from United's Seattle-Spokane and Portland-Spokane operations.[2]

The Commission appears to have no formal rule or regulation defining the term "off-route" point. However, in many decisions passing on applications for operating rights the Commission has restricted the term to points reasonably close to the carrier's regular route. That, in the main, appears to have been its practice. It observed, for example, in System Arizona Express Service, Inc., 4 M.C.C. 129, 131, "an off-route point usually is one served by line-haul equipment making a short side trip and returning as soon as possible to its regular route and schedule." See also Dixie Freight Lines, Inc., Extension Application, 29 M.C.C. 406; Los Angeles-Seattle M. Express, Inc., 24 M.C.C. 141, 145. The general practice of the Commission thus supports its restricted interpretation of the present certificate.[3] From Fruitland, Idaho, where United's claimed route diverges from U. S. 95 to follow U. S. 30 to Pasco, the distance to the latter place is over 200 miles, and the round trip is over 400. The Commission's construction of its certificates, unless clearly wrong or arbitrary, is to be accepted by the courts. Adirondack Transit Lines, Inc. v. United States, D.C., 59 F.Supp. 503, affirmed 324 U.S. 824, 65 S.Ct. 688, 89 L.Ed. 1393.

There is proof in the record concerning the denial by the Commission in 1949 of an application of this carrier for leave to operate between Boise and Lewiston, via Pasco, using U. S. 30 as part of the route. It is unnecessary to go into that proceeding in detail. Enough to say that the circumstances developed cast considerable doubt on the good faith of United's interpretation of the certificate it relies on here.

Affirmed.

2. United attempts to make capital of the fact that the certificate does not designate the highways over which the off-route points in the counties are to be served. The Commission's reply, which seems to us persuasive, is that it was unnecessary and would have been impracticable to designate the highways which the carrier might use in the area.

3. The Commission's interpretation is evidenced by formal certification of its secretary, embodied in the record before the court.