## CONVERSE v. UNITED STATES.
### No. 31925.

United States District Court
N. D. California, S. D.
Jan. 20, 1953.

808

J. Richard Townsend, of San Francisco, Cal., for petitioner.

Newell A. Clapp, Acting Asst. Atty. Gen., James E. Kilday, Charles B. Sullivan, Jr., and Wallace Howland, Sp. Assts. to the Atty. Gen., Chauncey Tramutolo, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., of San Francisco, Cal., for respondent.

Edward M. Reidy, Chief Counsel, Ellis V. Gregory, of Washington, D. C., and William L. Harrison, of San Francisco, Cal., for intervenor Interstate Commerce Commission.

William B. Adams, of Portland, Or., Edward M. Berol and Bertram S. Silver, of San Francisco, Cal., for intervenors.

Before POPE, Circuit Judge, and HARRIS and FRIEDMAN, District Judges.

FRIEDMAN, District Judge.

This case concerns a petition for an injunction wherein petitioner seeks relief from an order of the Interstate Commerce Commission requiring him to cease and desist from transporting wet storage batteries, paint, prefabricated buildings, torpedoes and torpedo casings, paper bags, canned goods, and glue stock between the points and in the circumstances described in a report and order of the Interstate Commerce Commission, No. MC-C-1201, entitled Pierce Auto Freight Lines, Inc., v. Converse, 54 M.C.C. 447.

The Commission's order is based upon an interpretation of a certificate of public convenience and necessity which provides that petitioner is authorized to transport "machinery and machinery parts, mining and construction materials, equipment and supplies", between places in California and places in Idaho, Montana, Oregon, Utah, and Washington. The Commission concluded that "mining and construction materials, equipment and supplies" in the certificate include (1) mining and construction materials, (2) mining and construction equipment, and (3) mining and construction supplies, or in other words, only materials, equipment, and supplies used in mining and construction.

Petitioner contends, among other things, that by the omission of a comma after "equipment", the authority granted by the certificate includes (1) mining and construction materials, (2) equipment of every kind, and (3) supplies of every kind.

■ This Court's function in deciding this case does not involve a de novo construction of the certificate or a reevaluation of the undisputed facts relating to the services being performed under the pretended warrant of its authority. The scope of our review is limited by Section 10(e) of the Administrative Procedure Act 1946, 5 U. S.C.A. § 1001 et seq., and the principle of limited judicial review heretofore applied in the decided case. We may not substitute our judgment for that of the Interstate Commerce Commission unless its judgment is clearly erroneous or arbitrary. United Truck Lines v. Interstate Commerce Commission, 9 Cir., 1951, 189 F.2d 816, certiorari denied 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628; Adirondack Transit Lines v. United States, D.C., 1944, 59 F.Supp. 503, affirmed 324 U.S. 824, 65 S.Ct. 688, 89 L. Ed. 1393.

■■ The Commission is familiar with the ordinary usage and common understanding of the industry. The administrative agency's judgment in a field where it has expert knowledge and experience should be deferred to unless clearly erroneous or arbitrary. National Labor Relations Board v. Seven-Up Bottling Co. of Miami, Inc., U.

S., 73 S.Ct. 287. We are not prepared to say that in the instant case, the absence of a comma should require this Court to substitute its judgment for that of the Commission's, for we find that the decision of the Commission on this matter is neither clearly erroneous nor arbitrary. Since "supplies" include only mining and construction supplies, the Commission's position that paper bags, canned goods, and glue stock are not "supplies" under the certificate should not be overruled.

■ The Commission in deciding whether a given commodity was a mining and construction material, equipment, or supply, applied the so-called "intended use" test. If a commodity is of such a character as to have virtually no use other than in mining or construction, or is consigned to a mining or construction project with the intent to be used there, then the Commission maintains that the commodity is authorized for transportation under the certificate. A truckload of groceries would thus be "construction supplies" if shipped to a construction camp with the intent that it be consumed by the men there employed. However, if that same truckload of groceries were consigned to a retail grocery merchant in San Francisco, it would not be within the granted authorization. On the other hand, a bulldozer would be construction equipment and would be within the terms of the certificate regardless of the intended consignee. The order of the Commission states that "it is the actual intended use, rather than the identity of the consignee, that is the controlling feature." While this Court is not prepared to say that it would approve the "intended use" test in all circumstances and under all conditions, it cannot say that under the circumstances and conditions in the case before us, the Commission's judgment concerning the transportation of paint was clearly erroneous or arbitrary.

■ In interpreting "machinery and machinery parts", the Commission found that wet storage batteries, which are automobile parts, are not "machinery parts", as that language is used in the certificate. It might be said that any mechanical contrivance may be called "machinery". However in the process of assembly, a mechanical contrivance may lose this general identification of "machinery" and become transformed into another composite article which has a distinctive name, character, and use, and is not "machinery" in transportation parlance. We cannot say that under all the circumstances, the Commission was not justified in concluding that the phrase "machinery and machinery parts" had a special and limited meaning different from the broad all-inclusive meaning of the words as defined in the dictionary. In the transportation industry, the word "machinery" does not include within its scope everything which is mechanical. If the phrase "machinery and machinery parts" were to be given the meaning urged by petitioner, it could conceivably be tortured into covering the transportation of everything mechanical now known, or to be known in the future. The petitioner under this certificate, could then usurp and monopolize the transportation of practically all mechanical things of every nature in the territory covered by his certificate, to the exclusion of every permit heretofore granted by the Commission. Following Black v. Interstate Commerce Commission, 5 Cir., 1948, 167 F. 2d 825, certiorari denied, 335 U.S. 818, 69 S.Ct. 40, 93 L.Ed. 373, the Commission's order concerning wet storage batteries is not disapproved, and following the reasoning of that case, we make the same ruling concerning torpedoes and torpedo casings.

■ Lumber may very well be prima facie a "construction material", but if a complete house were to be moved from one place to another, it could not be maintained that construction materials were being transported. Half of a house would still remain identifiable as a building. At some point, it can be said that the commodity involved loses its individual identity and becomes a component element of a building, i. e., a construction material. The decision of the Commission that a prefabricated building, either complete or knocked down in sections, does not constitute "construction materials, equipment, or supplies", is not clearly erroneous or arbitrary.

It is hereby ordered, adjudged and decreed that the petition for an interlocutory injunction and for a permanent injunction be and is hereby denied.

It is further ordered that the temporary restraining order which has heretofore been in force be and is hereby vacated and set aside.