INLAND MOTOR FREIGHT, Inc., a corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Interstate Commerce Commission, Intervenor,

Sites Freightlines, Inc., and Consolidated Freightways, Inc., Intervenors.

Civ. No. 1293.

United States District Court
E. D. Washington.

Oct. 17, 1956.

Lenihan & Ivers, Seattle, Wash., Justin C. Maloney, Spokane, Wash., for plaintiff.

Stanley N. Barnes, Asst. Atty. Gen., James E. Kilday, John H. D. Wigger, Attys., Dept. of Justice, Washington, D. C., William B. Bantz, U. S. Atty., Spokane, Wash., for defendant.

Robert W. Ginnane, Gen. Counsel, C. H. Johns, Asst. Gen. Counsel Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Fred W. Gilbert, Atty., Spokane, Wash., William B. Adams, Portland, Or., for Sites Freightlines, Inc., and Consolidated Freightways, Inc.

Before POPE, Circuit Judge, and DRIVER and LINDBERG, District Judges.

LINDBERG, District Judge.

Plaintiff, Inland Motor Freight, Inc., hereinafter referred to as Inland, seeks

to set aside a cease and desist order of the Interstate Commerce Commission directing Inland not to perform such operations as were found by the Commission to be beyond the scope of Inland's Certificate MC–59077.

The controversy developed with the filing of a complaint on September 29, 1953 by Portland-Pendleton Motor Transportation Company and Consolidated Freightways, Inc. against Inland under Section 204 of the Interstate Commerce Act, 49 U.S.C.A. § 304, charging Inland with engaging in unauthorized transportation. The proceedings thus instituted were conducted under modified procedure.[1] Joint Board No. 45, the matter having been referred to it by the Commission,[2] on June 28, 1954 entered a report and order in which it found that Inland lacked authority to engage in the transportation complained of and recommended that a cease and desist order be entered against it, and thereafter on March 9, 1955 Division 5 of the Commission entered a report and order[3] wherein it likewise found that Inland had been engaging in transportation in excess of its authority and ordered it to cease and desist therefrom. Inland filed a "Petition for Reconsideration" and an "Alternate Petition for Rehearing", both of which were denied by order dated July 18, 1955 although before entering said order the Commission, by Division 5, on July 14, 1955, apparently for the purpose of clarification, modified its findings in its report of March 9, 1955.[4]

On August 31, 1955 Inland instituted this proceeding to set aside the orders of the Commission, alleging[5] "That the interpretation by the Interstate Commerce Commission in its several Orders of the authority conferred by the Certificate of Public Convenience and Necessity upon the plaintiff is in error as a matter of law and that the denial of plaintiff's Petition for Rehearing is in violation of the due process clause of the Constitution of the United States."

In presenting its case before us the plaintiff, Inland contends that the order of the Interstate Commerce Commission should be set aside because:

(1) The commission has erroneously construed Inland's Certificate of Public Convenience and Necessity, particularly misconstruing the meaning of the restriction involved and erred in holding that it may not transport (a) explosives, and (b) other commodities between Seattle, Washington and the Umatilla Ordnance Munitions Depot in northeastern Oregon;

(2) It is void in that it rests its finding in part on evidence not in the record;

(3) A fair hearing has been denied by the refusal to grant a rehearing as required by Section 7(d) of the Admin-

1. Authorized by Commission's "General Rules of Practice" Rules 45 through 54.

2. Section 205 Interstate Commerce Act, 49 U.S.C.A. § 305.

3. Reported 63 M.C.C. —————.

4. Findings of Commission, Division 5 in report and order of March 9, 1955 as modified on July 14, 1955 with the modifications incorporated and italicized are as follows:
"We find that the defendant is not authorized by its certificate No. MC–59077 to transport in interstate commerce any commodities over any routes from Portland, Oreg. or from Seattle, Wash., or points in the area of Puget Sound, to intermediate points on it routes in Ore-

gon authorized therein *and appearing above the restriction paragraph on Sheet 4 thereof,* or to transport any commodities from such intermediate points in Oregon to Portland, Seattle, or to points in the area of Puget Sound; that to the extent that defendant is or has been operating in interstate or foreign commerce as a common carrier of property between the points just indicated, it has done so in violation of section 206(a) of the Interstate Commerce Act [49 U.S.C.A. § 306(a)]; and that an order should be issued requiring it to cease and desist from the performance of any such transportation."

5. Paragraph 15 of plaintiff's Petition.

istrative Procedure Act, 5 U.S.C.A. § 1006(d);

(4) The order as modified is ambiguous and confusing and does not inform plaintiff what acts in issue it may perform and what acts in issue it must refrain from performing.

It would appear that plaintiff's contentions 2 and 3 are alternative and based upon the same grounds.

Plaintiff relies principally upon its first contention of error.

An admittedly true copy of the Certificate is set out as Exhibit "A" attached to the Petition. It consists of eight sheets and is too lengthy to set forth herein in full. The following is a brief but sufficient description of the pertinent parts. Under the heading "Regular Routes" appearing on the first page of the Certificate there are set forth on the first four sheets of the Certificate thirty-four individually-described routes. The first is between specified points in Idaho; the second through the twenty-first from and to specified points in the State of Washington; the twenty-second through the twenty-fourth between Spokane, Washington and specified points in Idaho; the twenty-fifth between Portland, Oregon and Lewiston, Idaho; the twenty-sixth between Seattle, Washington and the Junction of U. S. Highway 410 and 730 (which route meets the twenty-fifth route at said junction); the twenty-seventh route between Portland, Oregon and Buena, Washington; the twenty-eighth, twenty-ninth and thirty-first between named points in Washington and named points in Idaho, the thirtieth, thirty-second, thirty-third and thirty-fourth between named points in Idaho.

The two routes upon which Inland relies to perform the service here in question are the twenty-fifth and twenty-sixth listed routes (hereinafter · respectively referred to as the Portland-Lewiston route and the Seattle-Junction route) are set forth in the Certificate as follows:

Between Portland, Oregon and Lewiston, Idaho:

From Portland over U. S. Highway 30 to Umatilla, Oregon, thence over U. S. Highway 730 to junction U. S. Highway 410, and thence over U. S. Highway 410 to Lewiston, and return over the same route.

Between Seattle, Washington, and the junction of U. S. Highway 410 and 730:

From Seattle over Alternate U. S. Highway 10 via Renton, Washington to junction U. S. Highway 10, thence over U. S. Highway 97 to Yakima, Washington, and thence over U. S. Highway 410 to junction U. S. Highway 730, and return over the same route.

Following the thirty-four routes above referred to there appears the following restriction or limitation:

*"Service is authorized to and from intermediate points on the above-specified routes, as follows: those in Oregon restricted to pick-up only on eastbound traffic, and delivery only on westbound traffic;* those on U. S. Highway 195 between Spokane and Rosalia, Washington, including Rosalia, restricted to traffic moving to or from points south of Rosalia; Toppenish, Washington, and those on U. S. Highway 99, 10, 97, 410 and Alternate U. S. Highway 10 between Tacoma, Washington, and Prosser, Washington, restricted to traffic moving to or from points east of Prosser; those on Washington Highway 2H between Spokane and junction U. S. Highway 10 (near the Washington-Idaho State line) restricted to traffic moving to or from points other than those on the indicated portion of Washington Highway 2H; all other intermediate points on the above-specified routes unrestricted." (Italics supplied.)

In interpreting the limitation, particularly the underscored portion, the Commission held that the restriction prohibited the transportation complained of and ordered its discontinuance. In its report

278

and order the Commission, Division 5, stated, in part:

"Its (Inland's) [6] contention that the words 'those in Oregon' in the restriction clause in question refer only to routes within that State is wholly untenable. The restriction in question is against certain service at points on Oregon routes previously described in that certificate, irrespective of whether the movement is from or to a point or over a route within or without that State. The restriction is indented on the certificate in a manner to bring it flush with the preceding 'between' paragraphs and clearly applies to all of them. It is significant also that the grants in question as well as the restriction are to be found in substantially the same form in compliance orders issued to the defendant as a result of 'grandfather' proceedings as early as 1939. We think it is plain that the operations between the Puget Sound area and points in northeast Oregon which the defendant admits (or does not deny) having conducted are being conducted in violation of the terms of its certificate. The defendant's authority to serve intermediate points on the routes in Oregon described in its certificate is subject to a restriction against delivery of eastbound or pickup of westbound traffic. Defendant's theory seems to be that after completion of an authorized eastbound movement from Seattle to the junction of highways 410 and 730, the movement from the junction to destination became an authorized westbound operation, but no combination of routes, circuitous or direct, can convert an eastbound movement (one whose destination lies far to the east of its origin) into a westbound movement, and the reverse is no less true. The intent of defendant's certificate is clear and cannot be avoided by a separation of the two routes. They were granted in one proceeding as a part of one restricted authority and have never stood as separate grants. On consideration of the record as a whole, we conclude that the findings of the joint board with respect to the alleged Seattle-eastern Oregon movements are proper and should be affirmed."

■ Plaintiff before us advances the same argument and authority urged upon the Commission in support of its petition for reconsideration. Its position is that the Certificate under consideration contains no applicable restriction on the routes used in the transportation involved and that by "tacking" of the two routes, namely the Portland-Lewiston and Seattle-Junction routes, it is authorized to perform through service. Plaintiff cites M. I. O'Boyle & Son, Inc., v. I. C. C., 92 U.S.App.D.C. 383, 206 F.2d 473 and Century-Matthews Motor Freight v. Thrun, 8 Cir., 173 F.2d 454. It is clear from these cases that "tacking" is permissible when none of the several routes combined to accomplish the through service *are subject to restrictions* as to the service proposed. However, if either of the routes used by plaintiff carry restrictions which would limit service on either route the restrictions would not be eliminated by a combination of the two. The question thus becomes one of interpretation of the restrictions above set forth as applied to either or both of the two routes.

■ In challenging the Commission's interpretation of Inland's Certificate, counsel for plaintiff cites as authority for a liberal interpretation of the restriction paragraph the rules of statutory construction as applied to provisos appearing in statutes. 50 Am.Jur. 458, § 437; 59 C.J. 1088, § 639; 82 C.J.S., Statutes, § 381; City of Seattle v. Western Union Tel. Co., 21 Wash.2d 838, 153 P. 2d 859. We take no exception to the rule of law set forth in the foregoing citations but do not find it applicable. It is not our function to make a *de novo*

6. Word "(Inland)" supplied.

construction of the Certificate of Inland as does a court in the usual case when called upon to define the scope or meaning of a proviso contained in a statute or ordinance in controversy. The Commission's construction of its Certificate, unless clearly wrong or arbitrary, is to be accepted by the courts. United Truck Lines v. I. C. C., 9 Cir., 189 F.2d 816; Converse v. United States, D.C.N.D.Cal., 109 F.Supp. 807; Malone Freight Lines, Inc., v. United States, D.C.N.D.Ala., 107 F.Supp. 946, affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712; Adirondack Transit Lines, Inc., v. U. S., D.C.S.D. N.Y., 59 F.Supp. 503, affirmed 324 U.S. 824, 65 S.Ct. 688, 89 L.Ed. 1393. Can it be found that the Commission's construction of the restriction contained in Inland's certificate is clearly wrong and arbitrary? The particular language subject to interpretation as it appears in the limitation already set out above is the following:

> "Service is authorized to and from intermediate points on the above-specified routes, as follows: *those in Oregon restricted to pick-up only on eastbound traffic, and delivery only on westbound traffic; all other intermediate points on the above-specified routes unrestricted."* (Italics supplied.)

Plaintiff's contention is that there is only one route in *Oregon* set forth in the Certificate ahead of the restricting clause, and that route is a portion of the route described as "between Portland, Oregon and Lewiston, Idaho," and which described as an Oregon route only would be as follows: "From Portland over U. S. Highway 30 to Umatilla, Oregon, thence over U. S. Highway 730 to the Oregon-Washington state line and return over the same route." The plaintiff would construe the restriction as applicable only to the Oregon part of the route indicating through such interpretation that Inland shall not pick up traffic at Portland moving in an eastbound direction and deliver such traffic at any point along such route in Oregon nor shall it pick up any westbound traffic in Oregon

west of the junction of U. S. Highway 730 and U. S. Highway 410 and deliver such traffic at another Oregon point, including Portland.

Following this interpretation plaintiff concludes that the last clause of the paragraph reading "all other intermediate points on the above-specified routes unrestricted" authorized any shipment that might originate in Seattle and meet the Portland-Lewiston route at the junction referred to and then proceed westerly into Oregon destined.for delivery on said route. This construction the Commission did not accept.

The Commission interpreted the paragraph containing the restriction above set forth as applicable to all thirty-four routes preceding it and based its conclusion first on the form of the restriction as it appears in the Certificate. It contends that it is and has been the practice of the Commission in typing Certificates to align the paragraphs which contain restrictions applicable to all preceding routes flush with the preceding "between" route descriptions whereas if they had intended it to be applicable to but one route the paragraph containing the restriction would have following immediately the description of the route restricted and the type would have been indented and carried on the Certificate flush with the "from and to" route description. This interpretation appears to be consistent with the Commission's general practice in issuing and interpreting similar Certificates where numerous authorized routes are followed by restrictions applicable to all routes. A. C. E. Transp. Company, Inc., Interpretation of Certificate, 51 M.C.C. 155; Lavigne v. J. E. Faltin Motor Transp., Inc., 54 M.C. C. 503 at page 508.

Having interpreted the paragraph as applicable to all routes described before, the Commission construed the language "those in Oregon restricted to pick-up only on eastbound traffic, and delivery only on westbound traffic" to be applicable to the Seattle-Junction route when combined with the Lewiston-Portland route and decided that the

transportation involved having originated in Seattle or vicinity of Puget Sound was an eastbound movement although after moving easterly to the point of juncture with the Lewiston-Portland route it moved on said route in a westerly direction before reaching destination.

To one not familiar with the Commission's practices in issuing and phraseology in describing routes and restrictions in their Certificate to motor carriers it would appear that more exact and definitive language could have been used in describing the restrictions intended. That the language used is confusing is indicated by the fact that prior to the filing of the complaint the Director of the Bureau of Motor Carriers of the Interstate Commerce Commission by letter advised counsel for the complainants in the original proceeding that the transportation now found to be unauthorized was in his opinion permitted under the Certificate here involved. Counsel for plaintiff made reference to and attached copy of said letter in his exceptions to the proposed report and order of Joint Board 45 but does not now contend that the letter is or was binding upon the Commission.

■ However, assuming the language contained in the restricting paragraph to be ambiguous, the court under its limited function in review of the Commission's order cannot conclude that the Commission's construction of its certificate is clearly wrong or arbitrary[7] and therefore we sustain the Commission's finding that the plaintiff is not authorized by its Certificate No. MC–59077

to transport in interstate commerce **any** commodities over any routes from Seattle, Washington or points in the area of Puget Sound, to intermediate points on its routes in Oregon authorized therein and appearing above the restrictive paragraph on sheet 4 therein. No consideration has been given by the court to that portion of the Commission's order referring to the so-called "Portland Movement" inasmuch as plaintiff in its petition for reconsideration before the Commission expressly stated it did not desire that portion of Division 5 order headed "The Portland Movement" to be reconsidered.

With respect to plaintiff's contentions 2 and 3 as set forth in the conclusion of its brief and referred to earlier herein the court is of the opinion they are without merit under the authority of United States v. Pierce Auto Lines, 327 U.S. 515, at pages 530 and 535, 66 S.Ct. 687, at pages 695, 697, 90 L.Ed. 821.

Likewise plaintiff must fail as to its fourth contention under the authority of Consolidated Flower Shipments—Bay Area v. Civil Aeronautics Board, 9 Cir., 213 F.2d 814, and United States v. L. A. Tucker Truck Lines, 344 U.S. 33, at pages 36, 37, 73 S.Ct. 67, at pages 68, 69, 97 L.Ed. 57; Unemployment Compensation Commission of Territory of Alaska v. Aragon, 329 U.S. 143, at page 155, 67 S.Ct. 245, at page 251, 91 L.Ed. 136.

An order in accord herewith denying the relief sought may be presented upon notice.

7. United Truck Lines v. I. C. C., 9 Cir., 189 F.2d 816; Converse v. United States, D.C.N.D.Cal., 109 F.Supp. 807; Malone Freight Lines, Inc., v. United States, D.C.N.D.Ala., 107 F.Supp. 946, affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712; Adirondack Transit Lines, Inc., v. U. S., D.C.S.D.N.Y., 59 F.Supp. 503, affirmed 324 U.S. 824, 65 S.Ct. 688, 89 L.Ed. 1393.