## WRIGHT v. UNITED STATES et al.

District Court, W. D. North Carolina.

July 7, 1943.

Thomas L. Johnson and Johnson & Uzzell, all of Asheville, N. C., for plaintiff.

Edward Dumbauld, Sp. Asst. to the Atty. Gen., Tom C. Clark, Asst. Atty. Gen., and Daniel W. Knowlton, Chief Counsel Interstate Commerce Commission, and Allen Crenshaw, Atty. for Interstate Commerce Commission, both of Washington, D. C., for defendants.

Before PARKER, Circuit Judge, and WEBB and HAYES, District Judges.

PER CURIAM.

This is a suit under 28 U.S.C.A. § 41(28) to enjoin and set aside an order of the Interstate Commerce Commission made upon an application for a certificate under the "grandfather" clause of sec. 206(a) of the Motor Carrier Act of 1935, 49 U.S.C.A. § 306(a). See 34 M.C.C. 817. Interlocutory injunction has been applied for and a special statutory court of three judges has been convened pursuant to sec. 47 of Title 28 of the United States Code Annotated. At the hearing upon the application for interlocutory injunction, the pertinent evidence heard before the Commission has been introduced and the case has been submitted for final decree.

Plaintiff is a common carrier by motor vehicle over irregular routes. He applied to the Commission for grandfather rights extending over all of the states of New York, New Jersey, Pennsylvania, Delaware, Maryland, Virginia, West Virginia, North Carolina, South Carolina, Georgia, Ohio and Kentucky and the District of Columbia, although his equipment on June 1, 1935 consisted of but two transportation units. The Commission found that there was substantiality of service during the "grandfather" period only between Asheville, N.C., on the one hand, and Baltimore, Md., Philadelphia and Conshohocken, Pa., and points in the New York commercial zone, on the other, and granted a certificate accordingly. Following the argument in this court, pursuant to a suggestion made from the bench during argument, the Commission on its own motion reopened the case for further hearing on the original record and enlarged the base area to include Buncombe County, the county in which Asheville is situate.

The findings of the Commission are contained in its report dated June 23, 1942 and June 8, 1943. 34 M.C.C. 817 and — M.C.C. —. We cannot say that they are unsupported by the evidence,

that they involve any error of law or that they are so arbitrary or unreasonable as to amount to an abuse of discretion. On the contrary, we think they are reasonable and proper and extend the rights of plaintiff as far as the rule requiring substantiality of operations warrants. The question involved was one which Congress has intrusted to the Commission and not to the courts, and we are unquestionably bound by the Commission's action with regard thereto. Noble v. United States, 63 S.Ct. 950, 87 L.Ed. ——; United States v. Carolina Freight Carriers, 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971; Alton R. Co. v. United States, 315 U.S. 15, 62 S.Ct. 432, 86 L.Ed. 586; Bondurant v. United States, D.C., 50 F.Supp. 704.

The injunction prayed for will accordingly be denied and the suit will be dismissed.

Injunction denied and suit dismissed.