824

POMPROWITZ et al.

v.

UNITED STATES et al.

No. 5396.

United States District Court
E. D. Wisconsin.

March 17, 1954.

Dineen, Gleason, Shaughnessy & Dineen, Milwaukee, Wis., for Joseph Pomprowitz; Warren H. Wagner, Washington, D. C., for George A. Hormel & Co. and Oscar Mayer & Co., Intervenors.

Stanley H. Barnes, Asst. Atty. Gen., and James F. Kilday and William J. Hickey, Sp. Assts. to the Atty. Gen., Timothy T. Cronin, U. S. Atty., Milwaukee, Wis., for the U. S. A.; Samuel R. Howell, Asst. Chief Counsel and Edward M. Reidy, Chief Counsel, Washington, D. C., of counsel, for the Interstate Commerce Commission.

Before DUFFY, Circuit Judge, and STONE and TEHAN, District Judges.

DUFFY, Circuit Judge.

This is a suit to enjoin and set aside an order of the Interstate Commerce Commission entered March 16, 1950 (reported in 51 M.C.C. 343), in a proceeding entitled Joseph Pomprowitz Extension—Packing House Products, Docket No. MC–31466 (sub-No. 7). Plaintiff is a contract carrier operating under the authority of permits for, among other things, transportation within certain defined areas of "dairy products, dairy by-products, manufactured or prepared foods and materials, supplies and equipment used or useful in the production thereof, and household goods under contracts with persons who operate cheese and food processing businesses."

At the suggestion of the Commission, plaintiff filed an application seeking a determination whether "manufactured or prepared foods" as contained in his operating authority includes fresh meats and packing house products. In the event of an adverse decision, plaintiff sought in the alternative additional authority under § 209(b) of the Act, 49 U.S.C.A. § 309(b), to extend his present operations to include the transportation of fresh meats and packing house products. The application was supported by George A. Hormel & Company and Oscar Mayer & Company, intervening plaintiffs herein, and was opposed by 22 motor carriers and two motor carrier associations.

The application was assigned for hearing before an examiner who at that time had not been appointed pursuant to § 11 of the Administrative Procedure Act, 5 U.S.C.A. § 1010. At the hearing before the examiner no objections were made as to his qualifications. He thereafter recommended findings that the "grandfather" authority issued to the carrier did not authorize the transportation of fresh meats and packing house products. He also recommended that the authority which plaintiff sought in the alternative should be denied. Division 5 of the Commission considered this report and on March 16, 1950, entered its own report and order sustaining the view of the examiner. Thereafter, on November 6, 1950, the entire Commission denied petitions for reconsideration and further hearing which had been filed by plaintiff and the intervening plaintiffs. On January 15, 1951, plaintiff and the same intervenors again petitioned for reconsideration and new hearing. On March 5, 1951, the entire Commission dismissed said petitions under Rule 101(f) of the Commission's General Rules of Practice,

49 U.S.C.A.Appendix.[1] On June 25, 1951, plaintiff and on June 29, 1951, the intervening plaintiffs filed with the Commission their respective petitions requesting that the proceedings be reopened and assigned for hearing before an examiner who had been appointed under the provisions of the Administrative Procedure Act. This action was commenced on October 10, 1951, and on December 10, 1951, the Commission denied the respective petitions filed on June 25 and June 29, 1951.

The first question for consideration is plaintiff's claim that he did not have a full and fair hearing because the examiner had not qualified under the Administrative Procedure Act. There is no suggestion that the examiner exhibited any bias or favoritism. It was not until 15 months after the date of the order and report of the Commission that plaintiff claimed for the first time that the examiner was not qualified. This was about 7 months after the record was closed. The objection came too late; it was not timely made. United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54; Monumental Motor Tours, Inc., v. United States, 3-judge court, D.C., 110 F.Supp. 929, 932.

The second point urged by plaintiff is that the order of the Commission was arbitrary and discriminatory when it determined that the term "manufactured or prepared foods" contained in plaintiff's present authority does not embrace fresh meats and packing house products.

Although the Commission did not state in its decision that the intervening plaintiffs were not in the food processing business, such a contention seems to be made before us. We think, however, there is nothing in this record to sustain such a conclusion. In fact in its decision herein the Commission said that meat packing houses "in the conduct of their business *process*, manufacture and distribute many articles of food."

It has been held that the slaughtering department of a packing house performs a "processing operation" under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Walling v. Peoples Packing Co., Inc., 10 Cir., 132 F.2d 236, 240. We hold that the intervening plaintiffs are in the food processing business within the meaning of that phrase as used in plaintiff's operating authority.

The Commission found that the term "manufactured or prepared foods" as used in plaintiff's permit does not embrace packing house products generally, and fresh meats in particular. The Commission stated, "Despite the preliminary processes that may be required in rendering them salable, fresh meats are not a manufactured or prepared food within the meaning of the commodity description used in applicant's authority * * *. They may become a manufactured or prepared food only after they have been converted from their natural state into a different form."

The Commission emphasized that plaintiff's permit was granted after protracted "grandfather" proceedings in which he specifically claimed the right to transport fresh meats and packing house products, and that in granting "manufactured or prepared foods" the Commission denied to plaintiff the authority to transport fresh meats and packing house products. The Commission also notes that in a companion application disposed of at the same time, it found that the requested authority by plaintiff to transport such commodities would not be consistent with the public interest or the national transportation policy. The commission then concluded that there never was any intent to grant authority to plaintiff to transport fresh meats and packing house products generally when it granted plaintiff authority to transport manufactured or prepared foods.

Plaintiff argues that the words "fresh meats and packing house products" are

---

1. This rule provides that successive petitions based upon substantially the same grounds as a former petition which had been considered and denied will not be entertained.

not ambiguous and urges that neither the Commission nor this court has the right to go back of the permit itself to determine the meaning or the proper application of those words. Plaintiff insists that fresh meat is a processed or a prepared food obtained by the slaughter of live animals, after which it is necessary to remove hides, hoofs, and entrails, to wash the meat, and then to cut same into desirable and useful sizes.

■ We concede the words "fresh meat" are not ambiguous but we think that the words "manufactured or prepared foods" as used in plaintiff's authority are uncertain in their meaning. It is well settled that where the language contained in a permit or a certificate is ambiguous, the Commission may interpret such language whenever it becomes necessary to define the exact limits of the carrier's authority and the courts will give great weight to such interpretation unless it is clearly erroneous or arbitrary.

In Dart Transit Co. v. Interstate Commerce Commission, 3-judge court, D.C., 110 F.Supp. 876, 880, in sustaining the powers of the Commission to interpret the permit, the court stated, "It is our opinion that in an action such as this, a court may not substitute its judgment for that of the Commission with respect to the question of the scope or coverage of a permit which the Commission has issued to a motor carrier, if that question is at all doubtful. In Noble v. United States, 319 U.S. 88, 93, 63 S.Ct. 950, 952, 87 L.Ed. 1277, the Supreme Court said that 'The precise delineation of an enterprise which seeks the protection of the "grandfather" clause has been reserved for the Commission.' By the same token, we think that within reasonable limits it is for the Commission to determine the scope of the 'delineation.' "

"The Commission's construction of its certificates, unless clearly wrong or arbitrary, is to be accepted by the courts." United Truck Lines, Inc., v. Interstate Commerce Commission, 9 Cir., 189 F.2d 816, 817. "At best, the Commission's order is ambiguous. So regarding it, its interpretation is for the Commission; and the courts cannot disregard such an interpretation in those circumstances unless it is clearly erroneous or arbitrary, and the interpretation here is not." Adirondack Transit Lines, Inc. v. United States, D.C., 59 F.Supp. 503, 504, affirmed 324 U.S. 824, 65 S.Ct. 688, 89 L.Ed. 1393. Our scope of review is limited. "The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body." Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 694, 78 L.Ed. 1260.

■ In determining whether Pomprowitz was authorized to transport fresh meats and packing house products, the Commission had the right to give consideration to the fact that in plaintiff's "grandfather" proceeding on February 3, 1936, he was unable to show that during the requisite period he was engaged in the transportation of fresh meats and packing house products, and that he was likewise unable to prove that during that period he had served any packing house. The Commission also had the right to give consideration to the plaintiff's companion application to the 1936 proceeding in which he sought new authority to transport fresh meats and packing house products, which application was denied at the time he was granted authority to transport manufactured or prepared foods.

■ We have considered the request of plaintiff and intervenors that we remand this case to the Commission for further hearing on plaintiff's request for additional authority to extend their present operations to include transportation of fresh meats and packing house products. While it is undoubtedly true that plaintiff's principal endeavor at the hearing before the Commission was on the interpretation of his present authority, he apparently had a full opportunity to make such showing as he could on his alternative proposal for additional authority. We hold that the request to remand must be denied.

828

We hold that the Commission's interpretation of plaintiff's authority was neither arbitrary, capricious, nor clearly erroneous. We conclude there was a sufficient factual and legal basis for the Commission's challenged order. The complaint seeking an injunction to restrain the Commission's order of March 16, 1950, is dismissed.