**MITCHELL BROS. TRUCK LINES, a corporation, Plaintiff,**

v.

**UNITED STATES of America, and Interstate Commerce Commission, Defendants.**

Civ. No. 63–215.

United States District Court
D. Oregon.

Dec. 20, 1963.

William F. White, of White, Sutherland & White, Portland, Or., for plaintiff.

Francis A. Silver and William Harrison, Department of Justice, Washington, D. C., for defendants.

Before BARNES, Circuit Judge, and SOLOMON and KILKENNY, District Judges.

KILKENNY, District Judge.

Plaintiff is dissatisfied with, and challenges the validity of, the conclusion of the defendant Commission that certain of the commodities being transported by plaintiff are beyond the scope of its operating authority.

Plaintiff is authorized by its Certificates of Public Convenience and Necessity, as a motor common carrier of property, to transport, so far as here relevant, the following:

"Forest *products* and *lumber*"

"*Building materials* and *Heavy machinery*, in truckloads"

"*Building materials* and *Heavy machinery*, including steel girders, steel pipe, boilers, water works supplies, and plumbing goods, cement, cast stone, wooden pipe and tanks (set up or knocked down), and fabricated steel reinforcing bars, and other commodities of similar nature."

"*Machinery, contractors' equipment, and construction materials*"

and

"*Heavy machinery* and *Building materials*".

Claiming authority under its certificates, plaintiff has been transporting electric cable, dry glue, glue stock, furfural residue, wood veneers, transformers, and regulators.

Plaintiff is an Oregon corporation engaged in the business of transporting certain building equipment, materials and machinery. It is what is commonly known as a Class One, irregular route, common carrier operating in the Pacific Northwest and California. Its principal place of business is Portland, although it has offices and facilities in Seattle, Washington, Medford, Oregon, and Crescent City, Redding and San Pablo, California. It operates from 250 to 275 trucks and trailers, mostly flatbeds.

Pursuant to the authority granted by 49 U.S.C. §§ 304(c) and 312(a), the Commission, on its own motion, instituted an investigation to determine whether plaintiff had been transporting commodities not authorized by its certificates, in violation of § 306(a) of the Act. A hearing was held before a Commission examiner. Following the hearing, the examiner found that the plaintiff was transporting certain of the above commodities without authority.[1] Exceptions to the recommended report and order were filed by the plaintiff and another carrier, Ace Lines, Inc., the latter being permitted to intervene. On September 27, 1962, the Commission issued its report and order finding that the transportation of the above mentioned commodities, with the exception of wood veneers, were not authorized by plaintiff's certificates, but that the commodity description "construction materials" does, under certain conditions, authorize the transportation of electric cable, transformers and regulators. An order was entered requiring plaintiff to cease and desist from the unauthorized transportation. 91 M.C.C. 267. Petitions for reconsideration were denied by the Commission, acting as an appellate division, on April 8, 1963.

---

1. The examiner concluded that plaintiff's "heavy machinery" authority authorized transportation of transformers, regulators and electric cable.

A few guide lines will be of assistance in arriving at a proper conclusion.

■ The fact that the Commission may have reached a different conclusion than that recommended by its examiner is of no importance. The Commission has a legal duty to arrive at its own conclusion. Federal Radio Commission v. Nelson Bros. Bond & Mortgage Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166 (1933); Baltimore & Ohio Ry. Co. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209 (1936).

Courts are not concerned with the soundness of the Commission's reasoning or with the wisdom of its decisions. Virginian Railway v. United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463 (1926); Sims Motor Transport Lines v. United States, (N.D.Ill.1959), 183 F. Supp. 113.

■ The proper interpretation and meaning of the application under a given state of facts, and the effect thereof under the protection of the "grandfather" clause, has been reserved for the Commission. Noble v. United States, 319 U.S. 88, 63 S.Ct. 950, 87 L.Ed. 1277 (1943). The construction of a "grandfather" permit by the Commission is controlling on the Courts. Dart Transit Co. v. Interstate Commerce Commission, D.C.Minn., 110 F.Supp. 876, aff'd 345 U.S. 980, 73 S.Ct. 1138, 97 L.Ed. 1344.

■ In general, the scope of transportation permitted by a certificate is for the Commission, and will not be overturned by the Courts, unless arbitrary or clearly erroneous. Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Simpson v. United States (S.D.Ia.1961), 200 F.Supp. 372, aff'd 369 U.S. 526, 82 S.Ct. 954, 8 L.Ed.2d 83.

■ The judicial function is exhausted when it is found that there is a rational basis for the conclusions reached by the administrative body. Mississippi Valley Barge Line Co. v. United States,

292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260 (1934).

■■ On the other hand, it is well recognized that the Commission does not have power to change or modify a motor carrier's certificate under the guise of interpretive action. Nelson, Inc. v. United States, supra, nor can the order of the Commission be upheld if it is clearly erroneous as that phrase is used in the Nelson decision. 5 U.S.C. § 1009(e) invalidates the order if it is either (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or (2) contrary to constitutional right, power, privilege or immunity; or (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory rights; or (4) without observance of procedure required by law; and (5) unsupported by substantial evidence in any case . . . reviewed on the record of an agency hearing provided by statute . . . Ace Lines, Inc. v. United States, (S.D.Iowa, 1960) 197 F. Supp. 591; Minneapolis and St. Louis Railway v. United States, 361 U.S. 173, 80 S.Ct. 229, 4 L.Ed.2d 223.

■ A principal contention of the plaintiff is that the final phrase in the commodity description—"and other commodities of similar nature" grants plaintiff authority to transport, in addition to building materials and heavy machinery, the specified list of commodities and, "other commodities of a similar nature" to building materials and heavy machinery. Under this construction, which it claims to be proper, the plaintiff argues that it may transport such items as cable, veneers, transformers and regulators on the theory that, although they do not technically fall within the term "building materials" or "heavy machinery" [2] they are "of a similar nature" to building materials and heavy machinery. The answer of the Commission to this contention is entirely consistent with logic and common sense.[3]

2. An alternative contention is that the named commodities actually fall within one of those terms, will be discussed later.

3. The final description remaining for consideration under which respondent contends that it may transport the involved

Manifestly, this conclusion of the Commission, with all of its expertise on the subject, is not clearly erroneous.

■ On this point, plaintiff argues that the Commission's interpretation narrows the grant of the authority to which it was entitled by reason of its "grandfather" operations and which its "grandfather" certificates was intended to cover.

If this is a fact, plaintiff should petition the Commission to re-open the "grandfather" proceeding. Nelson, Inc. v. United States, supra. That plaintiff recognizes this doctrine, as taught in Nelson, is demonstrated by the fact that plaintiff filed a petition to re-open the proceedings in which two of its other certificates were issued, in order to show that it was entitled to a larger grant than indicated on the face of its certificates.

Another thrust of plaintiff's argument is that the certificate should be treated as authorizing a complete "heavy hauling" service. By this method, it would justify its past transportation of electric cable, which it readily concedes cannot be classified as "machinery". Again the Commission, in its wisdom, found no merit in this contention.[4] The conclusion of the Commission is adequately supported by Hove Truck Lines v. Eldon Miller, Inc., 63 M.C.C. 753, 756 (1955).

As another alternative, the plaintiff urges that "machinery" includes any type of mechanical apparatus or device and that "transformers" and "regulators" should be so treated. The Commission interpreted the term "machinery", as used in the certificate issued by it, to embrace only mechanical devices which have not, through manufacturing or assembling processes, been transformed into a new and different object, which is itself considered to be a separate and distinct commodity. Under such an interpretation a commodity such as automobiles, airplanes, refrigerators, and farm tractors are not authorized by a certificate permitting the transportation of "machinery", and that restrictive interpretation of "machinery" has received the approval of the courts as early as 1948. Black v. Interstate Commerce Commission, 167 F.2d 825 (5 Cir. 1948), cert. den. 335 U.S. 818, 69 S.Ct. 40, 93 L. Ed. 373; Converse v. United States, 109 F.Supp. 807 (N.D.Calif.1953); Clarke Transport Co. Extension—Farm Tractors,. 62 M.C.C. 555 (1954). Such an interpretation had been placed on "machinery" long prior to the time plaintiff commenced the hauling of cable, transformers and regulators. In line with the

cables, veneers, transformers and regulators, is the italicized portion of the following description: "building materials and heavy machinery, including heavy steel girders, steel pipe, boilers, water works supplies and plumbing goods, cement, cast stone, wooden pipe and tanks (set up or knocked down), and fabricated steel reinforcing bars, *and other commodities of similar nature*." Obviously, all of the commodities listed following "building materials and heavy machinery," including "other commodities of similar nature," must be either building materials or heavy machinery, and since, as we have stated above, none of the involved commodities now under consideration are either building materials or heavy machinery, respondent may not transport them under the italicized part of the above description.

4. " * * * Respondent's contentions that the term 'heavy machinery' refers to a complete heavy hauling service is without merit. Although 'heavy machinery' and 'commodities the transportation of which, because of size and weight, require the use of special equipment' have both been referred to as commodity descriptions of 'heavy haulers' and although it has been found, in proceedings in which modification of 'grandfather' authority was sought and granted, that a carrier authorized to transport only 'heavy machinery' should have been, and would for the future be, authorized to perform a complete heavy hauling service, the two commodity descriptions under consideration are not synonymous. They are analogous, but any commodity transported under the description 'heavy machinery' must be machinery. * * *" See Dayton Transportation Corp. Ext.—Iron and Steel Articles, 79 M.C.C. 713, 715, C & H Transp. Co., Inc., Clarification of Authority, 88 M.C.C. 87, 94, and Sam Gottry case, supra (86 M.C.C.) at pages 710 and 711.

above decisions, the Commission decided that transformers and regulators did not fall within the description "machinery", but on the other hand, such articles should be considered as "electrical" appliances, equipment and parts.

■ Plaintiff attacks the Commission's employment of the "intended use test", in connection with the construction of plaintiff's certificates. That such a test may be used by the Commission is no longer open to question. Nelson, Inc. v. United States, supra; Converse v. United States, supra, (mining and construction materials, equipment and supplies); Ace Lines, Inc. v. United States, 197 F.Supp. 591 (S.D.Ia.1960) (building materials). Likewise, the Commission's outline of the circumstances under which plaintiff may accept a shipment, without investigating to ascertain the actual intended use of the commodities, was a valid exercise of the Commission's discretion. The Commission, in issuing this order, was within its statutory power and authority. On this question, the Commission decided that commodities which were ordinarily used as "building materials" or "construction materials" (i. e. commodities on the so called "building material list" established by the Commission in descriptions of motor carrier's certificate, 61 M.C.C. 209) may be accepted for shipment by the plaintiff without making any investigation as to the actual intended use thereof, provided that plaintiff does not have knowledge that another use is intended. On the other hand, where the shipment is destined to a type of consignee which does not normally use building or construction materials, as so defined, the carrier is deemed to have notice that another use is probably intended and cannot accept the shipment, unless subsequent investigation reveals the commodities to be within the scope of its authority. We conclude that the Commission in making this order did not go beyond the scope of its statutory authority. Ace Lines, Inc. v. United States, supra, relied on by the plaintiff, does not support its position. The position of the Commission has judicial support. Pierce Auto Freight Lines v. Converse, 54 M.C.C. 447 (1952) sustained Converse v. United States, supra, Contractors Transit, Inc.—Investigation and Revocation, 78 M.C.C. 347 (1958). The decision in Ace Lines, Inc. v. United States, supra, was thoroughly analyzed and discussed by the Commission at the time of making its decision.[5] United Transport, Inc. v. United States (W.D. Okl.1962), 214 F.Supp. 34, and Refrigerated Transport Co. v. United States (N.D.Ga.1963), 214 F.Supp. 536, are of no help to plaintiff. They did not involve the intended use test.

■ Plaintiff concedes that the principles of laches and estoppel cannot be asserted against the Commission. Sims Motor Transport, Inc. v. United States (N.D.Ill.1959), 183 F.Supp. 113, 119.

■ We have carefully considered the other points and contentions made by plaintiff. The rulings of the Commission thereon were neither arbitrary nor capricious. The Commission's findings, on each point raised by plaintiff, are supported by substantial evidence. To consider the weight of that evidence or the soundness of the reasoning by which the Commission reached its conclusions, is outside the province of this Court. In-

---

5. "Respondent and Ace rely heavily on Ace Lines, Inc.—Investigation and Revocation, 78 M.C.C. 523, wherein division 1 stated that any commodity included in the building materials list may be transported under authority to transport 'building materials' without specific inquiry as to its intended future use as provided the carrier does not at the time of movement have knowledge of an intended use other than as a building material * * *." On review of this case, the court stated in Ace Lines v. United States, 197 F. Supp. 591, that although the Commission did not use the word "actual" preceding the word "knowledge", it was satisfied that the Commission meant actual knowledge to be the type of knowledge required and that it was "quite certain that the Commission would not depart from the actual knowledge standard without making a specific statement to that effect and assigning reasons for the change." 91 M.C.C. 269–270.

terstate Commerce Commission v. Union Pacific Railway Co., 222 U.S. 541, 547, 32 S.Ct. 108, 56 L.Ed. 308; Virginian Railway Co. v. United States, supra.

The order of the Commission is affirmed and the complaint hereby dismissed.