**MITCHELL BROS. TRUCK LINES, an Oregon corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

Civ. No. 66–493.

United States District Court
D. Oregon.

Aug. 18, 1967.

William F. White and Norman E. Sutherland, of White, Sutherland & Gilbertson, Portland, Or., for plaintiff.

Donald F. Turner, Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and Sidney I. Lezak, U. S. Atty., Portland, Or., for defendant United States.

Robert W. Ginnane, General Counsel, and Henri F. Rush, Jr., Attorney, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Before HAMLEY, Circuit Judge, and KILKENNY and BEEKS, District Judges.

## ORDER

PER CURIAM.

Here, the parties seek to bring to a final conclusion, the internecine warfare commenced with the proceedings in Mitchell Bros. Truck Lines v. United States, 225 F.Supp. 755 (D.Or.1963), and continued in Interstate Commerce Commission v. Mitchell Bros. Truck Lines, 250 F.Supp. 636 (D.Or.1965). Somewhat removed from the battlefield, but necessarily involved in the decisional process is THE LUNDSTROM Application, MC–32882, 13 M.C.C. 491, the Grandfather of the plaintiff's certificate.

The cause is before us for review [1] of the order of the defendant Commission dated September 12, 1966, in which it directed the plaintiff to forthwith cease and desist and thereafter refrain and abstain, in interstate or foreign commerce, from transporting (a) a truck

—————
[1]. 28 U.S.C. § 2284.

with wrecker,[2] (b) steel dump bodies and crane and truck parts, (c) propellers and trailer hoist, (d) wheel and brake assembly.

A careful, thoughtful and meticulous examination of the record discloses a deplorable lack of meaningful findings. The Commission, as a basis for its order, merely adopted the alleged findings of the examiners. This procedure, of course, was permissible if the findings of the latter have significance. We hold they have not. For example, the examiners under the heading DISCUSSION AND CONCLUSIONS find "The truck with wrecker (Ex. 3), has achieved an identity of its own, and is not mere machinery." They then go on to cite certain authorities in support of their statement. No factual basis can be found for the conclusion. Another example: "The steel dump bodies and crane and truck parts (Ex. 15), were not destined to a contractor, and while they may have moving parts, they are not 'machinery' in the sense that they perform any function; * * *."

 Throughout the alleged findings of the examiners and the order of the Commission, the references would seem to be to the present, or more recent views, definitions and philosophy of the Commission, rather than the generally accepted meaning of "machinery", and the views, definitions and philosophy of the Commission at the time of granting THE LUNDSTROM Application in 1939. Without clear, objective and precise findings in these areas, we are powerless to intelligently exercise our decisional function. The procedure to be followed by the Commission, on remand, is a matter of its own concern. But some place in this, or an independent, proceeding the Commission, before the entry of a cease and desist order, must judicially appraise the plaintiff's constitutional rights under the Grandfather application and give effect to those rights, if any are here involved, by either enlarging its definition of "machinery", or revising the language of THE LUNDSTROM Application, so as to specifically mention the rights,[3] if any, so protected.

On the record before us, a supplemental hearing on this subject would seem to be required.

Consequently, the order of the Commission to cease and desist is set aside and the cause is remanded to the Commission for future action in conformity herewith.

It is so ordered.

2. Other synonyms "a truck with crane", "wrecker truck", "crane truck".

