**JENKINS TRUCK LINE, INC., a corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Daily Express, Inc., Ringle Express, Inc., Warren Transport, Inc., and Diamond Transportation System, Inc., Intervenors.**

Civ. No. 3–851–D.

United States District Court,
S. D. Iowa,
Davenport Division.

Oct. 19, 1970.

Charles J. Munson, Bettendorf, Iowa, Val M. Higgins, Minneapolis, Minn., for plaintiff.

John H. D. Wigger, Dept. of Justice, Washington, D. C., for defendant United States.

Jerome E. Sharfman, Washington, D. C., for defendant Interstate Commerce Commission.

Lane & Waterman, Davenport, Iowa, Singer & Hardman, Chicago, Ill., for intervenors.

## MEMORANDUM

Before VAN OOSTERHOUT, Circuit Judge, STEPHENSON and HANSON, District Judges.

HANSON, District Judge.

This cause of action is pursued by the plaintiff, Jenkins Truck Line, Inc., an Iowa corporation, as a common carrier by motor vehicle in interstate commerce. The redress is sought under the provisions of 28 U.S.C. Sections 1336, 1398, 2284, and 2321–2325, and 5 U.S.C. Sections 701–706, inclusive. The relief asks to enjoin, set aside, annul, and suspend an Order of the Commission.

As provided by statute this case with proper jurisdictional requirement was heard and submitted to a properly constituted three-judge court. By proper process certain carriers were permitted to intervene as defendants, namely, Daily Express, Inc., Ringle Express, Inc., Warren Transport, Inc. and Diamond Transportation System, Inc.

The complete record made before the Commission, including reports and orders, were introduced and received in evidence.

Certain historical events as it relates to the parties of this cause are either admitted or without substantial dispute.

The history of the Certificate divulges that Cronkleton Trucking Co. by Ellis Cronkleton filed a "grandfather" application for a permit to operate as a contract carrier of property under the Motor Carrier Act of 1935 which is now Part II of the Interstate Commerce Act. This application was docketed by the Commission under MC–61592.

It is apparent that between 1936 and 1938 the application was under consideration. On June 7, 1938, the Commission authorized the issuance of a Certificate of Public Convenience and Necessity. The item "Machinery and Parts" was authorized. Then again apparently on October 10, 1940, a supplemental order amended the Certificate to include "agricultural implements, etc." Then it seems all parties agree that the items above mentioned were included in a final Certificate issued January 15, 1942.

It appears after the issuance of the final Certificate, the business changed ownership. The new owner was George H. Kincade, d/b/a Kincade Truck Lines. Then again on September 22, 1949, another Certificate was issued, this time to Kincade and Gannon known as K. & G. Truck Line. Following this, the ownership changed to the present plaintiff in the early 60's. In any event, the Certificate was issued on the 6th day of February 1964, under MC–61592. The commodity description items remained the same. Then in February of 1965 it appears the question of the meaning of Item 12 "machinery and parts" became an issue.

On November 29, 1965, the plaintiff petitioned to have the item of "machinery and parts" to include "tractors and parts." This precipitates the controversy. After hearing and on April 25, 1968, the Examiner denied the petition. On July 12, 1968, the Review Board accepted the Examiner's report and adopted it as their own. On application for reconsideration and on December 31, 1968, the appellate division of the Commission denied the petition

for reconsideration and the plaintiff now seeks its remedy here.

Stated by plaintiffs themselves, contention is made as follows, to-wit:

"(1) That the affidavits on file with the Commission, as a part of the original 'grandfather' proceeding, and which were the foundation for the grant of the authority now identified as Item 12, Exhibit A, identify the commodities then transported as, among others, 'tractors,' not 'agricultural tractors' or 'farm tractors,' an interpretation which the Commission now wishes to impose.

(2) The Commission erred in affirming the finding of the examiner that * * * The record is abundantly clear that the only 'tractors' which were hauled by petitioner's predecessors in interest prior and subsequent to the 'grandfather' date were farm or agricultural tractors *which authority has been granted in the 'agricultural implement' item.*

(3) The Commission erred in sustaining the examiner's failure to find that the commodity description 'tractors' should be included in either Item 12 or Item 14 of Exhibit A.

(4) The Commission erred in finding that the 'machinery' item and the 'agricultural implement' item of Exhibit A cannot be legally tacked one to the other in order to render a through service by combining the two."

The latitude or scope of judicial review seems not only delineated in the statute governing administrative procedure (5 U.S.C.A. Section 1009(e) but also by the teachings of voluminous authority. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Andrews Van Lines, Inc. v. United States, 240 F.Supp. 763 (D.Neb.).

Pertinent here under Section 1009(e) is the following:

"So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall * * * (B) hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; (5) unsupported by substantial evidence in any case * * * reviewed on the record of an agency hearing provided by statute; * * *"

In Ace Lines, Inc. v. United States, D. C., 197 F.Supp. 591, the guidelines were clearly enunciated:

"In Nelson v. United States, 355 U.S. 554, at page 558, 78 S.Ct. 496, at page 499, 2 L.Ed.2d 484, the Supreme Court states:

' * * * the ordinary meaning of the words used in the permit is determinative. In ascertaining that meaning, we are not given carte blanche; just as the precise delineation of an enterprise which seeks the protection of the 'grandfather' clause has been reserved for the Commission.' Noble v. United States, 319 U.S. 88, 93 (63 S.Ct. 950, 952, 87 L.Ed. 1277 (1943), subsequent construction of the grandfather permit by the Commission is controlling on the courts unless clearly erroneous. Dart Transit Co. v. Interstate Commerce Comm'n., (D.C.) 110 F.Supp. 876, affirmed 345 U.S. 980, (73 S.Ct. 1138, 97 L.Ed. 1394) (1953).'

In Dart Transit Co. v. Interstate Commerce Commission, D.C., 110 F.Supp. 876, 880, the court, speaking through Judge Sanborn, states:

'It is our opinion that in an action such as this, a court may not substitute its judgment for that of the Commission with respect to the question of the scope or coverage of a permit which the Commission has issued to a motor carrier, if that question is at all doubtful. * * *

In the interest of uniformity in the regulation and policing of the motor carrier industry, it is of course essential that the Commission be subjected to as little judicial interference as the law will permit.'

In Malone Freight Lines v. United States, D.C., 107 F.Supp. 946, 949, affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712, the court says:

'Our function does not involve a de novo construction of the certificate or a re-evaluation of the undisputed facts relating to the services being performed under the pretended warrant of its authority. We are not concerned with the weight of the evidence. The scope of our review is necessarily confined to the interpretation placed by the Commission upon a certificate of its own creation. We are bound by that interpretation unless we are persuaded that it was capricious or arbitrary, that it constituted an abuse of discretion, or that it did violence to some established principle of law. It is beyond our province to consider 'the soundness of the reasoning by which its conclusions were reached.'

From the foregoing authorities, it is apparent that courts are required to respect the expert knowledge of the Commission in the interpretation field and that courts should set aside orders made by the Commission only when such orders are shown to have been induced by prejudicial departure from legal standard or when such decision is arbitrary or the result of an abuse of discretion."

Here the plaintiff desires to reopen the "grandfather" proceeding and supplement the original Certificate relating to commodity item 12 "machinery and parts" by adding "tractors and parts." He actually claims he really had these rights without this change. It must be remembered that the original Certificate of January 15, 1942, also contained item 14 which read "agricultural implements and parts."

■ Matters here involved pertain to proof required in the sustaining of operations under and by virtue of the commonly referred to "grandfather" clause. The "grandfather" clause of Section 206(a) of the Act requires the Commission to grant certificates of public convenience and necessity, without further proof of same, in those cases where the applicant was operating in like manner prior to June 1, 1935, and continuously since that date. A certificate issued pursuant to the "grandfather" clause may be modified if it is shown that the present interpretation of the certificate does not embrace a commodity which was intended to be embraced at the time of the issuance of the "grandfather" certificate. Motor Freight Express v. United States et al, 119 F.Supp. 298 (D.C.Pa.), affirmed 348 U.S. 891, 75 S.Ct. 215, 99 L.Ed. 700; Riss & Company Common Carrier Application, MC–200, 9 F.C.C. 32681 (1952).

Section 206(a) (1) of the Interstate Commerce Act, 49 U.S.C., Section 306 (a) (1) provides as follows:

"Except as otherwise provided in this section and in section 3210a of this title, no common carrier by motor vehicle subject to the provisions of this chapter shall engage in any interstate or foreign operations on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations: Provided,

however, That, subject to section 310 of this title if any such carrier of predecessor in interest was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the route or routes or within the territory for which application is made and has so operated since that time, * * * the Commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation. * * * "

The ultimate problem here must finally resolve itself by an application of the substantial evidence rule. The findings of the examiner and subsequently adopted by the Commission and under scrutiny here are in part as follows:

"The affidavits and other evidence of record will not support a 'correction' of the commodity description portion of the 'machinery' item to include 'tractors and parts.' The record is abundantly clear that the only 'tractors' which were hauled by petitioners' predecessors in interest prior and subsequent to the 'grandfather' date were farm or agriculture tractors, which authority has been granted in the 'agriculture implements' item."

█ █ █ We here conclude after careful review of exhibit (1) (Record before the Commission) that there is substantial evidence to support the findings. Having so concluded, we have no alternative but to dismiss petitioner's complaint. United States v. Pierce Auto Freight Lines, Inc., supra. Under the record here, it is difficult to conclude whether the tractors being hauled prior to June 1, 1935, were being transported under item 12—"machinery and parts" or item 14—"agricultural implements." In any event, there being evidence to sustain that only "farm tractors" were hauled regardless of ultimate use and the con-

clusion of the Commission being founded upon a rational basis, our function is complete. Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 54 S.Ct. 692, 78 L.Ed. 1260. By reason of our conclusion here reached, a long protracted discussion of burden of proof in "grandfather" clause cases and of many other matters raised in the briefs of the parties would be of little significance.

The issue of commodity description utilized by the Commission at the time the original certificate was issued presents questions relating to what type of tractors could be transported under items 12 and 14. It would seem that prior to June 1, 1935, a sound dispute could arise under this record as to use of tractors—whether purely industrial or purely agricultural.

The bona fide operations under the commodity items since the certificate issuance is here hotly contested. Many factual matters go to credibility of witnesses. The factual matters have been decided by the Commission. These are matters for the Commission to determine. There is substantial evidence in the record for the determination that the item of "machinery and parts" did not include or embrace "tractors and parts." It is without doubt that the law gives wide discretion to the Commission by reason of their expertise to define the generic terms involved. Under the teachings of our case law we are here precluded from interference.

This memorandum shall constitute findings and conclusions as by rule provided. Judgment will be entered denying petitioner's request for enjoining, setting aside, nullifying or suspending the Interstate Commerce Commission's Order. Also judgment will be entered vacating the restraining Order heretofore entered, and dismissing the complaint.