**Clifton A. LUND, doing business as Stendal Transportation Company, Inc., and Elmer's Express, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Great Northern Railway Company, a corporation, and Garrett Freightlines, Inc., Intervenors.**

**Civ. A. No. C–1810.**

United States District Court, D. Colorado.

Nov. 13, 1970.

Herbert M. Boyle, Denver, Colo., for plaintiffs.

Richard W. McLaren, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and James L. Treece, U. S. Atty., Denver, Colo., for defendant United States.

Fritz R. Kahn, Gen. Counsel, Interstate Commerce Comm., and Peter A. Fitzpatrick, Atty., Interstate Commerce Comm., Washington, D. C., for defendant Interstate Commerce Comm.

Edwin S. Booth, Helena, Mont., and Roger Sollenbarger, Denver, Colo., for intervenor Great Northern Railway Co.

Maurice H. Greene, Boise, Idaho, and Roger Sollenbarger, Denver, Colo., for intervenor Garrett Freightlines, Inc.

Before HILL, Circuit Judge, and DOYLE and KERR, District Judges.

HILL, Circuit Judge.

This is a statutory three-judge court case in which plaintiffs Lund, d/b/a Stendal Transportation Company, Inc. and Elmer's Express, Inc., seek to enjoin, set aside, annul and suspend the report and order of the Interstate Com-

merce Commission which corrected a certificate of public convenience and necessity granting, *inter alia*, common carrier operations between points in Montana, including Lewistown, Billings, and Great Falls. The action is brought and the jurisdiction of this court is invoked under 49 U.S.C. §§ 17(9), 305(h); 5 U.S.C. § 1009; 28 U.S.C. §§ 1336, 1398, 2284, 2321 and 2325.

In January, 1968, three common carriers,[1] two of which have been allowed to intervene in the instant controversy, filed a complaint with the Commission. It was requested that an investigation be conducted into alleged unlawful trucking operations of Lund between Great Falls, Lewistown and Billings, Montana. The complaint maintained that Lund was seeking to transfer certificate No. MC–63642 to Elmer's Express, Inc., and that Lund and Elmer's claimed that the certificate in question granted authority to transport general commodities between Billings and Great Falls, between Billings and Lewistown, and between Lewistown and Great Falls. Complainants requested that if the certificate was transferred to Elmer's, it should be corrected to show that transportation of general commodities was not authorized in interstate or foreign commerce between the cities of Billings, Lewistown and Great Falls.

The Commission concluded that the certificate originally issued to Stendal should be corrected by deleting and substituting certain language, the effect of which denied authority to carry general commodities between the cities of Billings, Lewistown and Great Falls. The order was predicated upon findings that portions of the certificate were ambiguous, never intended to be authorized and were the results of inadvertent clerical

error. Certificate No. MC–12398 Sub. 1, issued June 25, 1968, to Elmer's Express, Inc., was modified accordingly.[2]

The relevant facts are not in dispute and appear substantially as found by the Commission. The genesis of the action is traced to an application filed with the Interstate Commerce Commission on February 5, 1936, by A. M. Stendal, d/b/a Stendal Transportation Company of Lewistown, Montana. The application sought authority under the "grandfather clause" of the original Federal Motor Carriers Act, 49 U.S.C. § 306(a)(1), to continue operating as a common carrier in interstate and foreign commerce in central Montana. An appropriate hearing was conducted at which Stendal presented evidence of past operations. The examiner issued a recommended report and order, and recommendations as to the type of authority Stendal was entitled to receive. The applicant filed exceptions to the recommendations and a further hearing was held on February 11, 1942. In October, 1942, the Interstate Commerce Commission issued Stendal "grandfather" certificate No. MC–63642.

The certificate authorized the transportation of livestock and of general commodities. As here pertinent, it authorized the transportation of livestock (1) between Lewistown and Winifred, Montana; (2) between Lewistown and Roy, Montana; (3) from Lewistown to Great Falls; and (4) from Lewistown to Billings. The certificate, with certain exceptions, permitted transportation of general commodities "between the above-specified points and over the above-specified routes, restricted to traffic to be transported in said carrier's vehicles in conjunction with service to or from other points."[3]

---

1. Great Northern Railway Company, Garrett Freightlines, Inc. and United-Buckingham Freightlines, Inc.

2. On October 21, 1969, following a hearing, Judge Doyle, before whom this action originated, issued an order temporarily enjoining and restraining the Commission from enforcing its orders herein relevant.

The temporary restraining order was continued by this three-judge court "until the conclusion of the litigation in this case."

3. REGULAR ROUTES:
*General commodities*, except those of unusual value, and except household goods as defined in Practices of Motor Common Carriers of Household Goods, 17 M.C.C.

In 1955, the certificate was transferred to Lund. The pertinent portions of the certificate were reworded only in minor respects. The transfer by Lund to Elmer's was approved by the Commission and the certificate, again reworded only in minor respects, was issued to Elmer's on June 25, 1968.

In the present controversy, plaintiffs first contend that the Commission was without jurisdiction to act on the original complaint. By their analysis, under 49 U.S.C. § 312(a) parties may file a complaint only for wilful failure to comply with a provision of the motor carrier act or any lawful order, rule or regulation of the Commission, or any term, condition or limitation of such certificate, permit or license. Inasmuch as the original complaint did not specify any illegal operations, plaintiffs deem it infirm in giving the Commission grounds upon which to begin an investigation.

The main thrust of plaintiffs' argument is wide of the mark in that it relies mainly upon cases involving revocations of certificates. Here there was no revocation; the Commission's report and order withdrew nothing from plaintiffs that they legitimately and lawfully had. Byers Transportation Co., Inc. v. United States, 310 F.Supp. 1120 (W.D.Mo. 1970). The Supreme Court has pointed out in American Trucking Associations, Inc. v. Frisco Transportation Company, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958), that 49 U.S.C. § 17(3) is also an adequate basis for Commission intervention. "This broad enabling statute [49 U.S.C. § 17(3)], in our opinion, authorizes the correction of inadvertent ministerial errors. To hold otherwise would be to say that once an error has occurred the Commission is powerless to take remedial steps. This would not, as Congress provided, 'best conduce to the ends of justice.'" Thus, it is well established that mistakes due to inadvertence are reviewable by the Commission. See Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Malone Freight Lines v. United States, 107 F.Supp. 946 (N.D.Ala.1952), aff'd 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712 (1953).

At the outset the Commission determined that portions of the certificate

467, and petroleum products in bulk,
Between Lewistown, Mont., and Malta, Mont.:
From Lewistown over Montana Highway 19, to Malta.
Service is authorized to and from all intermediate points, but excluding traffic originating at or destined to points between Lewistown and Winifred, Mont., including those points.
Between Lewistown, Mont., and Harlowton, Mont.:
From Lewistown over U. S. Highway 87 to Moore, Mont., thence over unnumbered Highway to Garneill, Mont., thence over Montana Highway 19 to Harlowton.
Service is authorized to and from all intermediate points.
*Livestock,*
Between Lewistown, Mont., and Winifred, Mont.:
From Lewistown over Montana Highway 19 to Winifred.
Between Lewistown, Mont., and Roy, Mont.:
From Lewistown over Montana Highway 19 to Hilger, Mont., thence over unnumbered highway to Roy.

Service is authorized to and from · all intermediate points.
Return over these routes to Lewistown.
From Lewistown, Mont., to Great Falls, Mont.:
From Lewistown over U. S. Highway 87 to Great Falls.
From Lewistown, Mont., to Billings, Mont.:
From Lewistown over U. S. Highway 87 to Billings.
Return with no transportation for compensation except *as otherwise auth-orized,* over those routes to Lewistown.
Service is not authorized to or from intermediate points.
*General commodities,* except those of unusual value, and except petroleum products in bulk,
Between the above-specified points and over the above-specified routes, restricted to traffic to be transported in said carriers vehicles in conjunction with service to or from other points.

were patently ambiguous. "With respect to the apparent general-commodity authorization of service at Lewistown, Great Falls, and Billings, it is not clear from the language of the certificate whether return movements are authorized. The general-commodities grant of authority apparently authorizes return movement, but then it refers to 'the above-specified points.' The livestock authorizations at the above-specified points of Lewistown, Great Falls, and Billings are only one-way movements. Consequently, there is considerable patent ambiguity in the certificate * * *." The Commission then continued: "There can be no doubt that the rearrangement of the certificate so as to authorize an apparent service at Lewistown, Billings, and Great Falls, in the transportation of general commodities, is an inadvertent ministerial error, and that the Commission never intended to grant such authority."

Whether such an extensive finding is necessary to support the jurisdiction of the Commission, we do not decide. But certainly upon review of that statement we cannot detect a jurisdictional deficiency. Under the rule set out in the Frisco case, we conclude that the Commission was justified in reviewing the certificate. Byers Transportation Company, Inc. v. United States, supra; Beeline Express, Inc. v. United States, 308 F.Supp. 721 (D.Colo.1970); Akers Motor Lines, Inc. v. United States, 286 F. Supp. 213 (W.D.N.C.1968).

■ The substantive portion of the Commission report is that there was no intention to grant Stendal round trip authority to transport general commodities between Lewistown, Billings and Great Falls. This conclusion was based upon the examiner's report made during the original "grandfather" hearings. Plaintiffs argue that the certificate is plain and unambiguous and thereby the Commission erred in reverting to the prior proceedings to determine the intended scope of the certificate's authority. The guiding rule is that the certificate speaks for itself unless it is patently ambiguous. If ambiguous on its face, consideration may be given to the circumstances surrounding the grant of such authority. American Trucking Associations, Inc. v. Frisco Transportation Company, supra; Nelson v. United States, supra; Sims Motor Transport Lines, Inc. v. United States, 183 F.Supp. 113 (N.D.Ill.1959). Plaintiffs further contend that even if there was a patent ambiguity, the findings of the Commission are arbitrary and an abuse of discretion.

■ When reviewing an order of the Interstate Commerce Commission, we are confined to the interpretation placed by the Commission upon a certificate of its own creation. That interpretation binds this court unless it was capricious or arbitrary, constituted an abuse of discretion, or violated an established principle of law. We do not construe, de novo, the certificate; we will not re-evaluate the undisputed facts relating to the services performed under the pretended authority of the certificate; nor are we concerned with the weight of the evidence. The task of construing a certificate has been placed upon the Commission by Congress and such construction will not be disturbed unless clearly erroneous. Nelson v. United States, supra; Beeline Express, Inc. v. United States, supra; Denton Produce, Inc. v. United States, 270 F.Supp. 402 (W.D.Okl. 1967); Dunkley Refrigerated Transport, Inc. v. United States, 253 F.Supp. 891 (D.Utah 1966).

■ We cannot say that the Commission was in clear error when it found an ambiguity on the face of the certificate. Indeed, the arguments of the litigants express a manifest ambiguity in the language of the certificate. Since neither interpretation of the general commodities grant of authority is without a quantum of merit, we conclude that it was proper for the Commission to review the "grandfather" proceedings to decide the extent of authority intended to be authorized.

In its review, the Commission noted that in the examiner's findings of July 14, 1942, the grant of authority to transport general commodities appeared ahead of the grants of authority to transport livestock from Lewistown to Great Falls and from Lewistown to Billings.[4] Thus, the "above-specified points" language in the general commodity grant of authority was intended to precede the livestock grant of authority, and was meant to relate only to the grants of authority between Lewistown and Winifred and between Lewistown and Roy. The report gives positive indication that the examiner did not intend to grant authority to transport general commodities either from Lewistown to Great Falls or from Lewistown to Billings. The record vividly mirrors that the only transportation for compensation that Stendal performed from Lewistown to Great Falls and from Lewistown to Billings on June 1, 1935, was the transportation of livestock.

In the report, the examiner wrote: "With respect to route 1 between Lewistown and Great Falls, applicant testified that he has been transporting livestock for many years over this route from Lewistown to Great Falls. * * * The evidence fails to establish that applicant has transported any other commodities in interstate or foreign commerce over route 1 or that any intermediate points have been served. Applicant is, therefore, entitled to continue the transportation of livestock in interstate or foreign commerce from Lewistown to Great Falls over route 1 by rea-

son of bona fide operations on June 1, 1935, and continuously since that date."

Regarding operations from Lewistown to Billings, the examiner concluded: "Operations over route 2 have consisted of the transportation of livestock from Lewistown to Billings. The service performed both prior and since June 1, 1935, is similar to that described above over route 1 from Lewistown to Great Falls. * * * The record fails to establish that applicant has regularly engaged in the transportation of commodities other than livestock from Lewistown to Billings in interstate or foreign commerce over route 2 or that any intermediate points have been served. Applicant is therefore entitled to continue the transportation of livestock in interstate or foreign commerce from Lewistown to Billings over route 2 by reason of bona fide operations on June 1, 1935, and continuously since that date."

In substance, the examiner held that the applicant would receive authority (1) to transport general commodities, with exceptions, over route 3 between Lewistown and Malta, and over route 6 between Lewistown and Harlowton, serving all intermediate points;[5] (2) to transport livestock over route 4 between Lewistown and Winifred, and route 5 between Lewistown and Roy, serving all intermediate points on those routes, and general commodities over such routes when the property was transported in the applicant's vehicles in conjunction with his service from or to other points; and (3) to transport livestock from Lewistown to Great Falls over route 1 and

4. "The examiner finds that applicant was, on June 1, 1935, and continuously since that time has been, in bona fide operation as a common carrier by motor vehicle, in interstate or foreign commerce, of the commodities, between the points, and over specified routes set forth in the appendix, as follows:
"* * * livestock, between Lewistown and Winifred over route 4, and between Lewistown and Roy over route 5, serving intermediate points on such routes; also general commodities, except petroleum products in bulk and articles of unusual value over such routes, including

intermediate points, when the property is transported in applicant's vehicles in conjunction with his service from or to other points; livestock, from Lewistown to Great Falls over route 1 and from Lewistown to Billings over route 2, with no service at intermediate points and no transportation for compensation in the reverse direction over such routes. * * *"

5. Service at intermediate points on route 3 was to be restricted against the transportation of commodities originating at or destined to points between Lewistown and Winifred, including those points.

from Lewistown to Billings over route 2, serving no intermediate points.

█ Our independent search has uncovered not a scintilla of evidence that on June 1, 1935, Stendal was carrying general commodities between the Montana towns of Billings, Lewistown and Great Falls. Nor have we found that the examiner intended to grant Stendal authority to transport general commodities between Lewistown and Great Falls, between Lewistown and Billings, or between Billings and Great Falls. We would hasten to point out that plaintiffs have not directed our attention to any evidence which would cause us to reverse the report of the Commission. We find no error in that report regarding the originally intended grant of authority on general commodities or in the order correcting and modifying the certificate which was transferred to Elmer's.

█ Finally, plaintiffs suggest that since provisions of the certificate have remained substantially identical since 1942, and since Elmer's is an innocent purchaser for value, the Commission is estopped to correct the certificate. The argument breaks down at two points. First, as the report of the Commission correctly reflects, Elmer's cannot contend that it was an unsuspecting buyer. The report concluded: "Elmer's had full notice of the issues in the complaint case prior to the approval of the transfer and the issuance of a certificate to it. Therefore, Elmer's is not able to claim that it is an innocent purchaser for value. See No. MC–126814, Shannon Transport, Inc.—Petition for Correction of Certificate (not printed) decided February 21, 1968. * * *" Second, it has been held that the Interstate Commerce Commission is not subject to the principles of laches and estoppel. Byers Transportation Company, Inc. v. United States, supra; Mitchell Bros. Truck Lines v. United States, 225 F.Supp. 755 (D.Or.1963); Sims Motor Transport Lines, Inc. v. United States, supra. Without deciding whether laches or estoppel could ever be asserted against the

Commission, we deem this case inappropriate for such application for the reason that Elmer's was not an innocent purchaser for value.

Accordingly, the temporary restraining order is dissolved, the order of the Commission is affirmed and the complaint hereby dismissed.